PROTECTIVE INSURANCE COMPANY v. DART TRANSIT
COMPANY AND OTHERS.
TRANSPORT INDEMNITY COMPANY, APPELLANT.

197 N. W. 2d 668.

March 31, 1972—Nos. 42968, 42969.

---

[1] See, also, Dahlberg v. Young, 231 Minn. 60, 42 N. W. 2d 570 (1950); Colby v. Street, 146 Minn. 290, 178 N. W. 599 (1920).

*Richards, Montgomery, Cobb & Bassford, Nathan A. Cobb, Lynn G. Truesdell III, Robb, Van Eps & Gilmore,* and *M. E. Gaughan,* for appellant.

*Mordaunt, Walstad, Cousineau & McGuire* and *F. Robert Kolacke,* for plaintiff respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

PER CURIAM.

This is an action to construe an exclusionary clause in a so-called bobtail insurance contract covering the owner of a tractor leased to Dart Transit Company, a common carrier. The trial court held that the liability insurer of the owner-lessor was not obliged to furnish coverage because the insured was operating under orders of Dart Transit. We do not agree with the trial court's conclusion and reverse.

This litigation arose out of an accident which occurred on August 6, 1969, when Marvin L. Johnson, the owner-lessor of the tractor here involved, collided with a vehicle occupied by eight passengers, one of whom was killed and others seriously injured. They brought an action against Johnson, who looked to his insurer, Protective Insurance Company, for coverage. Protective then began this declaratory judgment action to establish that its policy did not afford coverage.

The policy in question contained the following exclusionary provision:

"* * * No coverage is granted if the equipment is operating under orders of any trucking company."

The facts are undisputed. Johnson leased his tractor to Dart and operated it exclusively for that carrier. However, on August 2, 1969, he had experienced trouble with his oil pressure while on the road and made an appointment with a mechanic to have repairs made on August 6. Dart had wanted Johnson to make a trip on August 5 but Johnson declined because the repairs would not be made until the following day. The accident occurred while he was driving from his home to the repair garage. He had planned to pick up a trailer and make a trip for Dart as soon as the repairs were completed.

The trial court held as a matter of law that Johnson was acting under orders from Dart Transit and that coverage by Protective was therefore

excluded. The court conceded that "there were no 'orders' as such," but was influenced by the fact that under pertinent rules of the Public Service Commission and the Interstate Commerce Commission and under the terms of the lease, the tractor was deemed to be in the exclusive possession, control, and use of the lessee, who assumed full responsibility for its operation. Although the lessor, by the terms of the lease, was obliged to keep the equipment in good running order and to fully maintain, service, and repair it, the court felt this was simply a duty owed to Dart so that in having repairs made Johnson was acting under orders from Dart. We do not agree. The fact that the lease provided that the equipment would be under the exclusive control of the lessee, who was to assume full responsibility to the public for its operation, merely reflected a requirement of the law that the lessee be liable to the public for the operation of the equipment. It did not mean, as between the parties, that the lessor was "under orders" of the carrier 24 hours a day. Johnson was not under orders from Dart to repair his equipment. That responsibility was established by the lease itself. Were we to adopt Protective's position that whenever Johnson was operating the tractor he was under orders, there would be no reason for Johnson to carry the bobtail policy with Protective since this construction of the policy would always impose liability on Dart's carrier, Transport Indemnity Company.

While Protective argues that before the accident happened Dart had given Johnson orders to drive to Peoria after the repairs were accomplished, and Johnson had packed his bags for that purpose, it does not follow that before he commenced the trip and while he was performing his own obligation to repair, he was under orders from Dart.

In support of its position, Protective cites Freed v. The Travelers, 300 F. 2d 395 (7 Cir. 1962). In that case the lessor also had an accident while on his way to a repair garage. The question was whether the vehicle was being used exclusively in the business of the lessee and not, as here, whether the lessor was acting under lessee's orders. As we compare the coverage in each instance, the exclusion in the instant case is much narrower. For other purposes, it may well be that Johnson was using the tractor in the business of Dart, but, nevertheless, he was not under its orders. Accordingly, we reverse.

Reversed.