On petitioner's petition for attorney fees filed May 14 and on respondent's objection to petition for attorney fees filed May 19, petition for attorney fees denied August 3, 1982

COOK,
*Petitioner on Review,*

*v.*

EMPLOYMENT DIVISION,
*Respondent on Review.*

(CA 16099, SC 27769)

649 P2d 594

See also, 293 Or 1, 643 P2d 1271.

Robert A. Payne, Oregon Legal Services, McMinnville, for the petition.

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem, contra.

LENT, C. J.

## LENT, C. J.

Following our decision in *Cook v. Employment Division*, 293 Or 1, 643 P2d 1271 (1982), petitioner Cook filed a petition for an award of attorney fees, contending as follows:

"This Petition is based upon ORS 183.495 as well as the basis that Petitioner fulfilled the role of a private attorney general in bringing this appeal since the favorable ruling will help a great many people in presenting their claims against unwarranted actions by state agencies."

ORS 183.495 provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

The respondent Division opposed the petition, contending that neither basis asserted was a tenable ground for an award of fees.

The policy of this court has been not to allow attorney fees unless a party seeking attorney fees can point to express statutory or contractual authorization of the court to award fees. *Riedel v. First National Bank*, 287 Or 285, 290, 291, 598 P2d 302, 305 (1979).[1] ORS 183.495 affords no authorization. That statute is concerned with court review of an agency order. Our review in *Cook v. Employment Division, supra,* was of a decision of the Court of Appeals, which itself was not a judicial review of a final order of an agency.[2]

In support of his claim for attorney fees for acting as a "private attorney general," petitioner cites no authority whatsoever. We are aware of none. Perhaps petitioner relies upon our decisions to award attorney fees in *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975), and *Gilbert v.*

---

[1] There is no claim of contractual authorization in this case. In *Riedel v. First National Bank,* 287 Or 285, 292, n. 5, 598 P2d 302, 306, n. 5 (1979), we noted an exception to our general policy in interpleader cases.

[2] The Court of Appeals' decision on the merits of the agency action was *Cook v. Employment Division,* 47 Or App 437, 614 P2d 1193 (1980), and we denied a petition for review of that decision, 290 Or 157 (1980).

*Hoisting & Port. Engrs.,* 237 Or 130, 384 P2d[e] 136, 390 P2d 320, *cert den* 376 US 963 (1964). In those cases we allowed awards of attorney fees based upon the inherent power of a court of equity. In this matter we did not sit in equity.

Petition for attorney fees denied.