**AUTOMOBILE CLUB INSURANCE COMPANY, INC., Plaintiff,**

**v.**

**Stephen TYRER, Personal Representative of the Estate of Brian Tyrer, Defendant.**

**Civ. No. 82–1054.**

United States District Court, D. Idaho.

April 4, 1983.

Jeffrey A. Strother, Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, Idaho, for plaintiff.

C.H. Higer and Richard K. Linville, Higer & Associates, Emmett, Idaho, for defendant.

## OPINION

RYAN, District Judge.

This is an action brought by the plaintiff insurance company for a declaratory judgment, wherein the plaintiff seeks an order of this court: (1) declaring that it has no duty to defend or indemnify the Estate of Brian Tyrer under Part I of the policy, and no duty to make payments to the estate under Part II of the policy; and (2) seeking costs and expenses and attorney's fees incurred in the prosecution of the action.

Joanne Tyrer, on or about March 26, 1981, purchased a policy of insurance, Policy No. 601348, on her 1970 Buick Skylark automobile through the Idaho State Automobile Association, which apparently was agent for Automobile Club Insurance Company, the plaintiff herein. This policy was basically a policy for third-party coverage for bodily injury liability, property damage liability, and medical payments.

Under the application for the policy signed by Joanne H. Tyrer, which was filled out by Deborah Kinney, an employee of the Idaho State Automobile Association, the application set forth under the box "nondrivers age 12 and over," the name Brian Tyrer; birthdate, 3/3/58; sex, male.

The policy apparently went through audit at the home office, and directions were given by the home office of Automobile Club Insurance Company to the agent Idaho State Automobile Association to contact Joanne Tyrer to either have Brian Tyrer excluded from the policy or added on to the policy as an additional insured.

Deborah Kinney called Joanne Tyrer and asked her to advise whether or not she desired to have Brian listed as an additional insured or to be excluded from the policy. In the course of the transaction, a quote for an additional premium was given and Joanne Tyrer exercised her option of having her son Brian Tyrer endorsed on the policy as an additional insured, and at which time she paid an additional premium prorated for the period from July 13, 1981, to the expiration of the policy, September 26, 1981. An endorsement was later added to the policy, set forth as Transaction No. 01, entitled "Summary of Coverages," and therein the identical coverages are set forth for bodily injury, property damage, and medical payments liability, and this endorsement was mailed from Columbus, Ohio, home office of the plaintiff, to Joanne Tyrer with another copy to the agent, Idaho State Automobile Association. This endorsement was obtained by the agent submitting a form U–104 to Automobile Club Insurance Company.

Deborah Kinney, who was an employee of Idaho Automobile Association, apparently took the application even though she was not a licensed agent or of sufficient age to be a licensed agent—she being 19 years of age at the time—and it was admitted that it was the practice at the time to allow Deborah Kinney to write the name of the authorized representative, R.G. Navarro, with the initials "K.R." after that signature. Mr. Navarro testified that "K.R." designated Karen Ruby, who had power of attorney from him to sign as authorized representative, and that at the time it was the custom and practice to allow Deborah Kinney, in the absence of Karen Ruby and/or R.G. Navarro, to sign under the designated place, authorized representative, "R.G. Navarro, K.R."

Plaintiff's first witness, Michael Benton, was an employee of Idaho State Automobile Association, and testified he was the Insurance Department Manager, and further testified that waivers were only done on a U–104 form by Automobile Club Insurance Company.

Mr. Daniel Pitcher, an employee of the plaintiff from Columbus, Ohio, stated that he was the underwriter for the company in charge of (1) selection, (2) acceptances, and (3) pricing.

Mr. Pitcher admitted that the named insured, Joanne Tyrer, would be covered under this policy driving any non-owned vehicle, including a pickup for passenger purposes.

Witness Pitcher stated in effect there was no distinction between the terms "named insured" and "additional insured" for underwriting purposes.

Witness Pitcher further stated that in the policy there was no definition of the meaning of "additional insured." In fact, Witness Pitcher stated that Exhibit 8, the policy, never uses the words or term "additional insured."

Witness Pitcher admitted that the purchaser of such a policy, upon reading it, would not be able to tell the distinction of "additional insured" as compared to "named insured." If the policy were construed that Brian Tyrer was merely a household driver or relative of the household, and as "additional insured" was not the same as a "named insured," then he would only be covered concerning the driving of a non-owned automobile with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner.

Witness Marleta Shemwell owned a 1969 Ford pickup. She gave permission to a Mr. Vandeventer to drive this pickup to Yellow Pine, Idaho. She testified that she did not restrict him as to who was to drive the pickup. On September 7, 1981, the '69 Ford pickup owned by Mrs. Shemwell was returning down Highway 55 near Horseshoe Bend, wherein it is alleged that Brian Tyrer was driving the pickup and within the pickup were four passengers, including Mr. Vandeventer. This pickup was involved in a violent head-on collision, wherein the driver and all passengers of the pickup were killed and the driver of the vehicle with which it collided was also killed.

The responsibility and liability aspects of this accident are not before the court, other than the plaintiff alleges that a number of informal demands have been made upon the plaintiff under the policy attached to the Complaint, being Exhibit 8 at the trial of this case, which demands were rejected by the plaintiff, Automobile Club Insurance Company, and that because of the continuing controversy between the parties involved in the accident as to coverage due arising from the accident of September 7, 1981, there is a real and substantial dispute which is suitable for resolution through declaratory judgment by this court.

The question is whether, in the court's opinion, the third-party coverage set forth in Policy No. 601348, Exhibit 8, afforded coverage to Brian Tyrer while driving a non-owned pickup vehicle, or whether Brian Tyrer, by endorsement as additional insured, is afforded the same coverage as his mother, the named insured.

As heretofore stated, it is admitted there was coverage afforded under the policy for the "named insured" while driving a non-owned automobile without restriction as to the type of vehicle, such as a pickup.

There was actually no proof as to whether or not, in fact, Brian Tyrer was driving the pickup on September 7, 1981, at the time of the accident, and there was also no proof that he was not driving the pickup at that time. For the purpose of this opinion, the court will assume that Brian Tyrer was driving the pickup at the time of the accident.

Mrs. Joanne Tyrer testified that when she talked to Deborah Kinney, that she stated she wanted Brian to have the same insurance coverage that she had. Deborah Kinney could not recall this conversation one way or another, but did not dispute that this statement was a part of the conversation between herself and Joanne Tyrer.

The pertinent portion of the policy in question is as follows:

Persons Insured: The following are insureds under Part I:

(a) With respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;

(b) With respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer,

provided the actual use thereof is with the permission of the owner;

(c) Any other person or organization legally responsible for the use of

(1) an owned automobile, or

(2) a non-owned automobile, if such automobile is not owned or hired by such person or organization,

provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such owned automobile or non-owned automobile.

The insurance afforded under Part I applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

Definitions: Under Part I:

"named insured" means the individual named in Item 3 of the declarations and also includes his spouse, if a resident of the same household;

"insured" means a person or organization described under "Persons Insured";

"relative" means a relative of the named insured who is a resident of the same household; . . .

■ An insurance policy is a contract between an individual and an insurer. As such, it is well settled that policies of insurance are governed by the same rules which are applicable to contracts generally. *March v. Snake River Mutual Fire Insurance Company,* 89 Idaho 275, 404 P.2d 614 (1965). In the event the terms of an insur-

ance policy are ambiguous, special rules of construction apply to insurance contracts to protect the insured. It is generally recognized in Idaho that if an insurer drafts an ambiguous policy clause, the ambiguity will be resolved in the insured's favor. *Bonner County v. Panhandle Rodeo Ass'n,* 101 Idaho 772, 620 P.2d 1102 (1980); *Medical-Dental Service, Inc. v. Boroo,* 92 Idaho 328, 442 P.2d 738 (1968). Since insurance policies are written by the insurance companies without any arms length bargaining between the parties, all ambiguities are construed most strongly against the party preparing it, i.e., the insurer, and in favor of the insured. *Abbie Uriguen Olds. Buick, Inc. v. United States F.I. Co.,* 95 Idaho 501, 507, 511 P.2d 783, 789 (1973).

■ A construction of the insurer's contract will not be sanctioned if it will defeat the very purpose or object of the insurance. This rule is most strongly asserted against the insurer when it attempts to limit its liability by language in the insurance policy. *Bonner County v. Panhandle Rodeo Ass'n,* 101 Idaho 772, 620 P.2d 1102 (1980); *Rosenau v. Idaho Mutual Benefit Ass'n,* 65 Idaho 408, 412, 145 P.2d 227, 229 (1944). The Idaho Court has held that where there is an ambiguity, the court is not confined to the wording of the contract, but should consider extrinsic matters such as the intent of the parties, the purpose sought to be accomplished, the subject matter of the contract, and the circumstances surrounding the issuance of the policy. *Bonner County v. Panhandle Rodeo Ass'n,* 101 Idaho 772, 620 P.2d 1102 (1980). The Idaho Rule with regard to ambiguities in an insurance contract was set forth as follows in Justice Donaldson's dissenting opinion in *Corgatelli v. Globe Life & Accident Insurance Co.,* 96 Idaho 616, 622, 533 P.2d 737, 743 (1975), later adopted by the full court in *Casey v. Highlands Ins. Co.,* 100 Idaho 505, 600 P.2d 1387 (1979):

> If the meaning of the contract is in doubt, it must be construed in the sense in which the insurer believed, at the time of making, the insured understood the terms.... The standard to be applied is

what a reasonable person in the position of the insured would have understood the language to mean.

In the court's opinion, there is certainly ambiguity in the plaintiff's insurance policy, and particularly in the interpretation given to it by the Witness Pitcher.

■ The evidence is clear that Joanne Tyrer, in opting to include her son on the policy as an additional insured and paying the demanded prorated premium, had the reasonable belief and expectation that she was purchasing the same coverage on this policy for her son Brian that she had as a named insured. The policy itself makes no distinction between named insured and additional insured. Mrs. Tyrer and her son had the reasonable right to believe and expect that Brian Tyrer had the same coverage under the policy as did his mother, Joanne Tyrer. It is admitted by the plaintiff that Joanne Tyrer, had she been driving a non-owned pickup vehicle, would have been covered under this policy and this court cannot see or distinguish why Brian Tyrer would not have been equally covered under the facts as they took place in this case, particularly where the ambiguity of the policy must be construed in favor of the insured.

The foregoing opinion will constitute findings of fact and conclusions of law.

## ATTORNEY FEES

■ In the court's opinion, the defendant is entitled to recover its reasonable attorney fees in defending this action in addition to defendant's costs. Here, the plaintiff company has instituted this action for declaratory judgment and has required the insured to defend, and there is no question that a reasonable expense for defending this action by the insured would include his reasonable attorney fees. This not only arises from the reasonable expense clause contained in the policy, but certainly pursuant to Idaho Code § 41–1839, which provides in pertinent part as follows:

> (1) Any insurer issuing any policy, certificate or contract of insurance, *surety,*

*guaranty or indemnity of any kind or nature whatsoever,* which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action. (emphasis added)

In addition, it would appear that such attorney fees should be allowed to the defendant in responding to a declaratory judgment action brought by the plaintiff company under Title 28 U.S.C. § 2201 and § 2202. *Also see National Indemnity Company v. Harper,* 295 F.Supp. 749 (1969); *Security Insurance Company of New Haven v. White,* 236 F.2d 215 (10th Cir.1956).

NOW, THEREFORE, IT IS HEREBY ORDERED that the relief prayed for by plaintiff in its Complaint for declaratory judgment is hereby DENIED.

IT IS FURTHER ORDERED that there is binding coverage affordable to the Estate of Brian Tyrer as set forth in plaintiff's insurance policy No. 601348 to the extent and limits of the coverages therein set forth.

IT IS FURTHER ORDERED that defendant should be awarded his reasonable attorney fees, which attorney fees shall be established in accordance with Local Rule 11–107, and costs.