**WESTERN WORLD INSURANCE COMPANY, INC.**

v.

**HARFORD MUTUAL INSURANCE COMPANY.**

**Civ. A. No. M–83–2599.**

United States District Court, D. Maryland.

Jan. 28, 1985.

Howard J. Schulman, Baltimore, Md., for plaintiff.

Frank X. Gallagher, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

Plaintiff Western World Insurance Co. (Western World) contends that it is entitled to fees and costs in the sum of $7,731.75 in connection with the prosecution of the present declaratory judgment action, in which it has won a partial victory over Harford Mutual Insurance Company (Harford). *See Western World Insurance Co., Inc. v. Harford Mutual Insurance Co.,* 600 F.Supp. 313 (D.Md.1984). Harford has filed an opposition to an award of attorneys' fees (Paper No. 42), Western World has filed a reply (Paper No. 43), and Harford has filed a response (Paper No. 44). No hearing is deemed necessary by the court. Local Rule 6(E).

▮ In a declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201, 2202, the reasonable sum of attorneys' fees and costs incurred in the filing and prosecution of the declaratory judgment action may be recovered, in the discretion of the court, if such recovery would be available under state law. *National Indemnity Co. v. Harper,* 295 F.Supp. 749, 757 (W.D.Mo. 1969); *Broyles v. Commercial Union Ins. Co. of New York,* 287 F.Supp. 942, 952–53 (W.D.Ark.1968). Where such a recovery would not accord with state law, the court should not award attorneys' fees and costs for the declaratory judgment action. *Royal Indemnity Co. v. Kenny Constr. Co.,* 528 F.2d 184, 190–91 (7th Cir.1975); *Mattocks v. Daylin, Inc.,* 452 F.Supp. 512, 516 (W.D.Pa.1978), *aff'd,* 614 F.2d 769 (3d Cir. 1979).

▮ In Maryland, attorneys' fees and costs incurred in prosecuting a declaratory judgment action may be recovered by an insured from an insurer who unjustifiably has refused to defend. *Cohen v. American Home Assurance Co.,* 255 Md. 334, 350–63, 258 A.2d 225 (1969). In the present case, Western World has prevailed on a part of its declaratory judgment action, but not on the monetarily larger part. As stated in this court's Memorandum and Order of October 31, 1984, Western World has

been assigned the rights of the insureds, and, unless the circumstances warrant different treatment, Western World stands in the shoes of the insureds.

Harford contends that attorneys' fees should not be awarded for the prosecution of this declaratory judgment action, because it involves a dispute between two insurers in which the court found that Harford's refusal to defend was largely justified.

In *Cohen*, the Court of Appeals of Maryland stated:

"American Home [the insurer] produced the current situation when it refused to defend its assured. Accordingly, whether one speaks in terms of its having authorized the expenditure by its failure to defend or whether one speaks in terms of the attorney's fees for the declaratory judgment action being a part of the damages sustained by the insured by American Home's wrongful breach of the contract, we hold American Home bound to pay the fees incurred by Mrs. Brown [the insured] in bringing the declaratory judgment action to establish that American Home had not done that which it had agreed with her to do."

255 Md. at 363, 258 A.2d 225. In so holding, the court considered and, by implication, rejected the approach taken by some jurisdictions of awarding such attorneys' fees only where the insurer acted fraudulently or in bad faith. 255 Md. at 354, 258 A.2d 225.

Under neither of the alternative analyses stated by the court in *Cohen* does it appear that a different approach should be taken on this issue if the declaratory judgment action involves a dispute between two insurers. If Harford is said to have impliedly authorized the expenditure by Chief Wroten or the City by its failure to defend them, then such authorization should run as well to Western World, which has been assigned their rights. Similarly, if the cost of bringing the declaratory judgment action is said to be a part of the damages sustained by the insureds, Chief Wroten and the City, as a result of the breach, then these damages should be recoverable by Western World, as the assignee of Chief Wroten and the City.

In regard to Harford's assertion that its refusal to defend was largely justified, this court found that such refusal was justified as to Officer Mears, but not as to Chief Wroten and the City. Certainly Harford has no liability with respect to that portion of the expenses attributable to Western World's bringing the declaratory judgment action for recovery of the cost of defending Officer Mears. Under *Cohen*, however, it appears that Harford should be required to reimburse Western World for that part of Western World's attorneys' fees and costs attributable to its bringing the declaratory judgment action to establish its right to reimbursement of the cost of defending Chief Wroten and the City. Since the court finds that the fact that the case involves two insurance companies has no effect on this issue under Maryland law, and because Harford has suggested no other reason why Western World's expense in bringing this action should not be apportioned in this way, the court will grant Western World's request for attorneys' fees and costs to the extent those fees and costs are attributable to its recovery for its defense of Chief Wroten and the City.

As Harford has not challenged the reasonableness of the amount of fees and costs requested, the award shall be for the sum of $7,731.75.

Accordingly, it is this 28th day of January, 1985, by the United States District Court for the District of Maryland, ORDERED:

1. That the request of the plaintiff, Western World, for attorneys' fees and costs in the amount of $7,731.75 be, and the same is hereby, GRANTED.

2. That the Clerk enter the separate declaratory and monetary judgment of even date herewith on the docket.

3. That the Clerk mail a copy of this Memorandum and Order to counsel for the parties.

## JUDGMENT ORDER

For the reasons set forth in the Memoranda filed by the court on October 31, 1984, December 19, 1984, and this day, it is this 28th day of January, 1985, by the United States District Court for the District of Maryland, ORDERED:

1. That judgment be, and the same is hereby, entered as follows:

a) The court declares that defendant Harford Mutual Insurance Company was obligated at all relevant times under the terms of its policy to provide a defense for the City of Cambridge, Maryland and for Police Chief Russell E. Wroten of the Cambridge, Maryland Police Department, but was not obligated to provide a defense for Officer Scott Mears, in the case entitled *Sampson v. Mears, et al.*, Civil Action No. M–82–2263.

b) That monetary judgment be, and the same is hereby, entered for plaintiff Western World Insurance Company, Inc. in the amounts of $19,416.58 for the fee of Mr. Burch, $1,408.84 for 15% of the fee of Mr. Mackie, and $7,731.75 for the attorneys' fees and costs of the plaintiff in bringing this declaratory judgment action, for a total of $28,557.17.

2. That the Clerk mail a copy of this Judgment Order to counsel for the parties.