Argued and submitted October 26, 1988, reversed and remanded March 8,
reconsideration denied May 26, petition for review allowed June 7, 1989 (308 Or 142)

SAMUEL,
*Appellant,*

*v.*

FROHNMAYER et al,
*Respondents.*

(137346; CA A47340)

770 P2d 914

David C. Force, Eugene, argued the cause and filed the briefs for appellant.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

GRABER, J.

Warden, P. J. pro tempore, dissenting.

## GRABER, J.

Plaintiff brought this declaratory judgment action to obtain indemnification for the expenses of defending a civil action. We previously held that plaintiff here had been sued in his capacity as a state agent and that the state was, therefore, required to indemnify him. *Samuel v. Frohnmayer,* 82 Or App 375, 84 Or App 80, 728 P2d 97 (1986), *rev den* 303 Or 261 (1987). On remand, plaintiff petitioned for further relief under ORS 28.080 to recover the expenses incurred in bringing the action for indemnification. He describes those expenses as additional damages. They are, in essence, his attorney fees. The trial court denied his petition, and he appeals.

ORS 28.080 provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application thereof shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

Plaintiff asserts that the supplemental relief that the court may grant includes the damages that he suffered because he had to bring the action to secure indemnification of the expenses of defending the civil action. He points out that he has spent over $10,000 to recover indemnity for approximately $1,870 that he spent in defending the civil action. The supplemental relief that he requests is necessary, he argues, "in order to vindicate the rights and duties of the parties as determined and declared in the judgment itself." Those damages are, he emphasizes in his reply brief, *"the direct and forseeable consequence of Defendant's breach of his statutory duty to defend and indemnify Plaintiff."* (Emphasis in original.)

What plaintiff seeks is an award of attorney fees under another name: "damages." The state quotes Shakespeare: "What's in a name? That which we call a rose by any other name would smell as sweet * * *."[1] It could also have quoted Gertrude Stein: "[A] rose is a rose is a rose."

---

[1] Defendant points out that William Shakespeare was not an Oregon lawyer. Nevertheless, Juliet correctly stated a principle of Oregon law.

"Damages" that are determined by the charges that an attorney makes for services in the action in which those damages are sought are attorney fees, although fees incurred in maintaining a lawsuit may at times be damages in some *other* action. *See, e.g., Sizemore v. Swift,* 79 Or App 352, 358, 719 P2d 500 (1986).

The characterization of plaintiff's request for relief as fees instead of damages does not end the inquiry, however, because ORS 28.080 permits further "relief," without regard to its label, "whenever necessary or proper." The dispositive issue is whether an award of fees is "necessary or proper."

■■ Relief is "necessary" when it is required in order to enforce the judgment because of the failure of one party to comply. *See Lowe v. Harmon,* 167 Or 128, 115 P2d 297 (1941); Borchard, *Declaratory Judgments* 439 (2d ed 1941). Fees are not "necessary" relief in this case, because plaintiff is not seeking an order to compel the state to comply with the original declaration. It has complied.

Fees may, however, be "proper" relief. ORS 28.080 is based on the Uniform Declaratory Judgment Act, which, in turn, is based on the Federal Declaratory Judgment Act, 28 USC §§ 2201, 2202. Federal cases interpreting 28 USC § 2202, which is identical for present purposes to ORS 28.080, thus are helpful in deciding what ORS 28.080 means. *See* ORS 28.150.[2]

Several federal courts have construed 28 USC § 2202 (albeit without much analysis) to allow an award of attorney fees in a declaratory judgment action in the absence of contractual or other statutory authority for doing so. *See, e.g., Freed v. Travelers,* 300 F2d 395, 399 (7th Cir 1962); *Security Insurance Company of New Haven v. White,* 236 F2d 215 (10th Cir 1956); *Automobile Club Ins. Co. Inc. v. Tyrer,* 560 F Supp 755, 760 (D Idaho 1983), *aff'd* 734 F2d 20 (9th Cir 1984); *Preferred Risk Mutual Insurance Co. v. Main,* 295 F Supp 207,

---

[2] ORS 28.150 provides:

"This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees."

218 (WD Mo 1968).[3] None of those cases involved a public official; each concerned a dispute between an insured and its private insurer about the existence or extent of coverage. However, in tort claims against the state and its agents, the Attorney General takes the role of an insurer and assumes an insurer's duty to defend. ORS 30.285(3). For that reason, the cited cases are persuasive by analogy.

■ When, as here, the Attorney General fails to discharge his statutory duty and an agent of the state must resort to litigation to force him to perform it, awarding that agent the expense of litigation will often be both "proper" and fair. In *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 568, 666 P2d 276 (1983), we noted that "fairness" is a factor that we consider in deciding whether to assess attorney fees against a state agency pursuant to ORS 183.495, when that agency misconstrues a statute. Whether an award is proper requires a case-by-case consideration and depends on many factors, including benefit to the public at large, *see Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975),[4] and the reasonableness of the Attorney General's refusal to defend. *See* ORS 28.120 and ORS 182.090.[5]

In summary, we hold that an award of attorney fees may be "proper" when a declaratory judgment action seeks to compel a public official to do his or her duty. We remand for the

---

[3] Each of the cited cases involved a dispute between an insurer and its insured. In all of them except *Freed,* the insurer brought the declaratory judgment action against the insured and the insured, as defendant, was awarded attorney fees. In this case plaintiff, as the "insured," brought the declaratory judgment action and seeks his attorney fees.

The dissent argues incorrectly that, in *Security Insurance Company of New Haven v. White, supra,* the entire award might have been for fees incurred in defending the earlier, underlying case. However, the prevailing party sought fees for both the underlying case *and* the indemnity action, and the court awarded the *entire* amount.

The dissent also relies on *McGraw v. Gwinner,* 282 Or 393, 578 P2d 1250 (1978). That case is inapposite, because it analyzed the requirements for attorney fees under ORS 743.114, not under ORS 28.080, and because the underlying recovery in the present case is actual, not merely potential.

[4] *Deras v. Myers, supra,* applies directly only in equity cases and does not extend to actions at law. *Cook v. Employment Division,* 293 Or 398, 401, 649 P2d 594 (1982). In determining whether a declaratory judgment action is legal or equitable, we look to the underlying nature of the claim and the relief sought. *Salem Resources v. U.S. Consultants,* 75 Or App 249, 251, 706 P2d 970 (1985). This is an action at law, because plaintiff sought legal relief: an order to compel the Attorney General to act, which is akin to mandamus, and indemnification based on a statute.

[5] ORS 28.120 provides:

"*This chapter is declared to be remedial;* its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, *and is to be liberally construed and administered.*" (Emphasis supplied).

trial court to determine whether to award fees and, if so, in what amount.

Reversed and remanded.[6]

**WARDEN, P. J.** pro tempore, dissenting.

The majority reaches a result that appears to be just; unfortunately, its opinion has no legal basis and, if accepted, would destroy long established law about when a prevailing party may receive an award of attorney fees. Because I cannot join the majority in ignoring the law, even in order to do justice, I dissent.

Plaintiff apparently concedes that there is no statute other than the Declaratory Judgment Act that might authorize an award of attorney fees in this case.[1] The only authority that he suggests for an award is ORS 28.080, which provides:

> "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application thereof shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

As the majority notes, plaintiff must show that attorney fees would

---

ORS 182.090 provides:

"(1) In any civil judicial proceeding involving as adverse parties a state agency, as defined in ORS 291.002, and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that the state agency acted without a reasonable basis in fact or in law.

"(2) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust.

"(3) As used in this section, 'civil judicial proceeding' means any proceeding, other than a criminal proceeding as defined in ORS 131.005(7), conducted before a court of this state."

Even if ORS 28.080 were not itself a grant of authority to award fees as "further relief whenever necessary or proper," ORS 182.090 might provide an independent basis for an award of fees.

[6] Plaintiff's procedural arguments require no discussion.

[1] For this reason, it is unclear why the majority discusses ORS 182.090. Plaintiff does not even cite that statute, let alone rely on it, and it, therefore, cannot support his claim. Indeed, it provides a further reason to deny plaintiff's claim. The statute represents the legislature's policy of when and how to provide attorney fees to litigants who must sue to force the state to perform its obligations. The legislature has decided that a plaintiff who does not meet the statutory criteria should not receive an award of attorney fees. This plaintiff does not attempt to show that he does. We should not override the legislature's decision.

either be "necessary" or "proper" in this case. They would not be "necessary," because they are not required to enforce the declaratory judgment. Despite the majority's efforts to show otherwise, they are also not "proper."

A declaratory judgment may establish a party's right to some particular relief. It would then be "proper" under ORS 28.080 for the court to award that relief, thereby avoiding the need for a second action. *See, e.g., Aspgren v. City of Columbia City,* 34 Or App 991, 1002 n 3, 581 P2d 536 (1978); *Heimbouch v. Victorio Ins. Serv., Inc.,* 220 Neb 279, 283-284, 369 NW2d 620 (1985); *Utah Rest. Ass'n v. Davis Cty. Bd. of Health,* 709 P2d 1159, 1162 (Utah 1985). In this case, it was "proper" under indemnity law for the court to award plaintiff the attorney fees that he incurred in defending the original action, because defendant failed to perform a duty to defend him. What relief is "proper," however, depends on whether plaintiff would have a right to it under other law; ORS 28.080 does not in itself create rights.

Plaintiff argues that attorney fees are "proper" relief, because he had to incur them "in order to vindicate the rights and duties of the parties," and that they were the *"direct and foreseeable consequences"* (emphasis in appellant's brief) of defendant's failure to comply with his statutory duty. 95 Or App at 562. Every successful plaintiff could make the same argument. If we were to accept it, we would destroy the rule that a court may award attorney fees *only* when a statute or contract provides specific authority for the award. *See, e.g., Beaver v. Davis,* 275 Or 209, 217-218, 550 P2d 428 (1976).[2]

The majority relies on several cases under 28 USC § 2202 to support its position. Unfortunately, they do not. In both *Freed v. Travelers,* 300 F2d 395, 399 (7th Cir 1962), and *Security Insurance Company of New Haven v. White,* 236 F2d 215, 220 (10th Cir 1956), the court made a lump sum award of attorney fees for a previous personal injury case. Neither court said whether any part of the fees was for services in the declaratory judgment action. It is possible that all of each award was for the fees incurred in defending the earlier case. *See Travelers Indemnity Company v. Holman,* 330 F2d 142, 152 (5th Cir 1964). Those cases, therefore, are not authority for awarding fees in this one.

Somewhat stronger for the majority is *Preferred Risk Mutual Insurance Co. v. Main,* 295 F Supp 207, 218 (WD Mo 1968),

---

[2] As the majority notes, *Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975), provides an exception for some *equity* cases that provide a benefit to the public at large. Because this is an action at law, *Deras* has nothing to do with it, and judicial views of fairness or public benefit are irrelevant.

in which the court looked both to state law and to what it described as the court's inherent equitable authority under 28 USC § 2002 as sources for an award of attorney fees. *See also National Indemnity Company v. Harper,* 295 F Supp 749, 757 (WD Mo 1969). A different district court took a similar position in *Automobile Club Ins. Co., Inc. v. Tyrer,* 560 F Supp 755, 760 (D Idaho 1983), *aff'd* 734 P2d 20 (9th Cir 1984). However, the Fifth Circuit has recently suggested that, even if those courts were correct in stating that they have inherent power, that power is limited. In *Mercantile Nat. Bank at Dallas v. Bradford Tr. Co.,* 850 F2d 215 (5th Cir 1988), the court held that 28 USC § 2202 does not provide statutory authority for an attorney fees award. It then held that a court has equitable power to award attorney fees in addition to statutory costs in cases that involve the creation, protection or distribution of a fund within the court's jurisdiction or bad faith, vexation, wantonness or oppression. 850 F2d at 218. This case is not in equity and does not involve a fund within the court's jurisdiction. *See* n 2, *supra.* Any award based on defendant's alleged bad faith would need to meet the requirements of ORS 182.090. *See* n 1, *supra.* Neither of the grounds for an award that these federal courts recognize applies here.[3]

The majority analogizes plaintiff's situation to that of an insured who seeks a declaratory judgment to resolve a coverage dispute with an insurer. Some states do permit an award of attorney fees in those cases without requiring specific statutory authority; most states, however, do not. *See Annot.,* 87 ALR3d 429, 437-441 (1978). Oregon is one of the states that do not. Oregon cases all turn on whether an award is justified under ORS 743.114. *See, e.g., McGraw v. Gwinner,* 282 Or 393, 578 P2d 1250 (1978); *Annot., supra,* 87 ALR3d at 483-486, 491-493. That statute is clearly inapplicable to this case, and plaintiff suggests no other that might apply.

The majority, in short, has strained mightily to find some justification for reaching what must appear to all of us as the just result, but it has failed in its quest. The reasoning that it has adopted, if accepted, would permit an award of attorney fees in almost every declaratory judgment action in which a public body or official is the losing defendant. It is for the legislature, not this court, to decide whether such a change in the law is desirable. I therefore dissent.

---

[3] Other federal cases deny that there is any authority to award attorney fees in a declaratory judgment in which the rights involved arise under state law, unless the applicable state law explicity authorizes the award. *American Family Ins. Co. v. Dewald,* 597 F2d 1148, 1151 (8th Cir 1979); *Travelers Indemnity Company v. Holman, supra,* 330 F2d at 152; *Western World Ins. Co. v. Hartford Mut. Ins. Co.,* 602 F Supp 36, 37 (D Md 1985).