Argued and submitted July 5, the decision of the Court of Appeals reversed and judgment of the trial court affirmed September 19, 1989, reconsideration denied January 11, 1990

SAMUEL,
*Respondent on Review,*

*v.*

FROHNMAYER et al,
*Petitioners on Review.*

(TC 137346; CA A47340; SC S36166)

779 P2d 1028

Michael D. Reynolds, Assistant Solicitor General, Salem,

argued the cause for petitioners on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David C. Force, Eugene, argued the cause and filed the response for respondent on review.

GILLETTE, J.

## GILLETTE, J.

This case raises questions concerning the scope of a trial court's authority to provide "further relief" to a successful party in a declaratory judgment proceeding. The pertinent statute, ORS 28.080, provides in part:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper."

Specifically, the issue is whether an award of attorney fees to the winning party for expenses incurred in pursuing the declaratory judgment may be "proper" further relief under the statute, when only the statute itself is relied upon as the source of the court's authority to make the award. The trial court held that it did not have such authority. The Court of Appeals, one judge dissenting, reversed, holding that ORS 28.080 was sufficient authority for such an award. *Samuel v. Frohnmayer,* 95 Or App 561, 770 P2d 914 (1989). We reverse the decision of the Court of Appeals and reinstate the judgment of the trial court.

Plaintiff Samuel, a chiropractor, originally brought this declaratory judgment action to obtain indemnification from defendant Frohnmayer, the state's Attorney General and chief legal officer, for expenses Samuel incurred in defending an earlier civil action. The earlier action was brought against Samuel by another chiropractor for damages allegedly caused when a "peer review committee" that Samuel chaired concluded that the chiropractor was rendering unnecessary services to an injured worker. Samuel, who was then president of the Oregon Association of Chiropractic Physicians (OACP), had established the committee at the request of the Workers' Compensation Department to review chiropractor billings for injured workers.

Samuel tendered defense of the civil case to the Attorney General, claiming that his work for the peer review committee was service "performed for and at the request of the State of Oregon." The tender was refused because OACP had never been an agency of the State of Oregon and because the Workers' Compensation Department had not retained, employed or appointed the peer review committee to act as an agent for the state. Samuel then brought the present action

seeking a declaration that the Attorney General was obliged to undertake the defense of the earlier case.[1]

After a trial court held that the Attorney General was not required to defend Samuel, Samuel appealed to the Court of Appeals. That court held that the peer review committee was performing investigative functions for the Workers' Compensation Department under sufficient control by the Department to make the committee (and, therefore, Samuel) an agent of the Department. Samuel, the court held, should have been provided a defense by the Attorney General. *Samuel v. Frohnmayer*, 82 Or App 375, 381, 728 P2d 97 (1986), *rev den* 303 Or 261 (1987).

On remand to the trial court, Samuel petitioned for "further relief," *viz.*, the attorney fees he had incurred in bringing the indemnity action against the Attorney General. The trial court denied his petition, and he once again appealed to the Court of Appeals.

The Court of Appeals held that attorney fees could be a "proper" form of further relief under the statute. The court reasoned as follows:

"ORS 28.080 is based on the Uniform Declaratory Judgment Act, which, in turn, is based on the Federal Declaratory Judgment Act, 28 USC §§ 2201, 2202. Federal cases interpreting 28 USC § 2202, which is identical for present purposes to ORS 28.080, thus are helpful in deciding what ORS 28.080 means. *See* ORS 28.150.

"Several federal courts have construed 28 USC § 2202 (albeit without much analysis) to allow an award of attorney fees in a declaratory judgment action in the absence of contractual or other statutory authority for doing so. * * * None of those cases involved a public official; each concerned a dispute between an insured and its private insurer about the existence or extent of coverage. However, in tort claims against the state and its agents, the Attorney General takes the role of an insurer and assumes an insurer's duty to defend. ORS 30.285(3). For that reason, the cited cases are persuasive by analogy.

"When, as here, the Attorney General fails to discharge his

---

[1] Shortly after the present litigation commenced, Samuel (through private counsel) achieved a successful result in the other case.

statutory duty and an agent of the state must resort to litigation to force him to perform it, awarding that agent the expense of litigation will often be both 'proper' and fair. In *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 568, 666 P2d 276 (1983), we noted that 'fairness' is a factor that we consider in deciding whether to assess attorney fees against a state agency pursuant to ORS 183.495, when that agency misconstrues a statute. Whether an award is proper requires a case by case consideration and depends on many factors, including benefit to the public at large, *see Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975), and the reasonableness of the Attorney General's refusal to defend. *See* ORS 28.120 and ORS 182.090."

95 Or App at 563-64 (footnotes and citations omitted).

Judge Warden[2] dissented. He argued that (1) the majority misunderstood the federal precedent on which it relied while ignoring precedent to the contrary; (2) Oregon case law does not permit a court to award attorney fees unless there is authority to do so in a statute or contract; and (3) the only way an award of attorney fees may be made against the Attorney General is pursuant to a statute, ORS 182.090, which authorizes such awards under the particular circumstances described in that statute — circumstances not pleaded or proved by Samuel. We agree substantially with the dissent.

The analysis of the Court of Appeals majority is incorrect in several respects. First, although it is true that our declaratory judgment act was derived from the federal act, federal decisions are not helpful concerning the issue now before us. Concerning the authority of an Oregon court to award attorney fees, the law has long been settled that such an award may be made only when a statute or contract provides such authority. *See, e.g., Beaver v. Davis,* 275 Or 209, 217, 550 P2d 428 (1976); *Hollopeter v. Oregon Mutual Ins.,* 255 Or 73, 75, 464 P2d 316 (1970) (declaratory judgment proceeding); *First National Bank v. Malady,* 242 Or 353, 360, 408 P2d 724 (1966) (declaratory judgment proceeding).

■    It is true, of course, that the legislature could have intended ORS 28.080 to be one of those statutes that empowers a court to make such an award. If that were the

---

[2] The Honorable John C. Warden, Senior Judge, sitting by designation of this court pursuant to ORS 1.300.

legislature's intent, however, it was accomplished without any express language in the statute or any suggestion of such an intent in the legislative history of the declaratory judgment act. Absent a showing of such a legislative intent, we will not imply it.

The declaratory judgment act assures that a class of cases involving rights, status, or other legal relations shall be entitled to declaratory relief, "whether or not further relief is or could be claimed." *See* ORS 28.010, 28.020. Its principal purpose is to ensure that that class of cases is subject to binding court decision. *See* ORS 28.010 (prayer for declaratory relief alone is not grounds for objection; declaration shall have effect of a judgment). A contract, for example, may be construed before or after breach. ORS 28.030. Empowering the circuit courts to award attorney fees as "proper" "further relief" under ORS 28.080 would mean, for example, that a party could receive attorney fees in a breach-of-contract case brought as a declaratory judgment action when the same case, pleaded as a traditional contract action, would not permit a court to make such an award. Except in those cases in which some other statute or a contract specifically authorized a prevailing party to recover its attorney fees, attorneys would attempt to characterize every action as a declaratory judgment action. If the legislature were ever to intend such a significant alteration of the Oregon litigative process, we would expect it to be up front about it.

The Court of Appeals majority also erred in relying on its earlier case of *Van Gordon v. Ore. State Bd. of Dental Examiners, supra.* That case concerned the award of attorney fees to a private party who had successfully challenged an action of an administrative agency through a judicial review proceeding in the Court of Appeals. *Former* ORS 183.495.[3] The award of attorney fees already was expressly authorized by a statute. Discussion of "fairness" in that case had to do

---

[3] *Former* ORS 183.485, in effect at the time the *Van Gordon* case was decided, provided:

> "Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

The statute has since been repealed, and its substance may now be found in ORS 183.497(1)(a).

with the standards under which an appellate court should exercise the authority to award fees; it had nothing to do with identifying some source for that authority.

■       Finally, the Court of Appeals majority seems to have misunderstood the significance of ORS 182.090. That statute provides:

> "(1)  In any civil judicial proceeding involving as adverse parties a state agency, as defined in ORS 291.002, and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that the state agency acted without a reasonable basis in fact or in law.

> "(2)  Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust.

> "(3)  As used in this section, 'civil judicial proceeding' means any proceeding, other than a criminal proceeding as defined in ORS 131.005(7), conducted before a court of this state."

The only discussion of this statute by the Court of Appeals majority was as follows:

> "Even if ORS 28.080 were not itself a grant of authority to award fees as 'further relief whenever necessary or proper,' ORS 182.090 might provide an independent basis for an award of fees."

95 Or App at 565 n 5. The majority should have devoted more attention to this statute.

The legislature, in providing a particular scheme under which the Attorney General, like other state officers and agencies,[4] could be required to pay attorney fees to a particular litigant, also carefully limited the circumstances under which such an award could be made. ORS 182.090(1) may be the basis for awarding attorney fees against the Attorney General only when the legal predicate to liability, *i.e.,* a

---

[4] The Department of Justice, of which the Attorney General is the director, is a "state agency" under ORS 291.002.

finding that the agency "acted without a reasonable basis in fact or in law," is present. No such predicate to liability was pleaded or proved here.[5]

Samuel offers two alternative arguments supporting the award of attorney fees: (1) the award is appropriate under ORS 182.090 without pleading or proving the predicate facts for such an award, because the Oregon Rules of Civil Procedure (ORCP) exempt this request for attorney fees from the necessity of pleading and proof; and (2) in any event, an award is appropriate under this court's decision in *Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975). Neither argument is well taken.

Requests for and the award of attorney fees are governed by ORCP 68. ORCP 68C provides in part:

"Notwithstanding * * * the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees, *except where:*

"(1) * * * * *

"(b)   Such items are claimed as damages arising prior to the action; or

"(c)   Such items are granted by order, rather than entered as part of a judgment."

(Emphasis added.) Samuel claims the "supplemental relief" in the form of attorney fees that he seeks in this proceeding falls within both exceptions (1)(b) and (c) of ORCP 68C. We need not decide that question because, even if Samuel is correct, he establishes only that ORCP 68 is not applicable; that says nothing about what would have to be pleaded or proved in order to obtain an award under ORS 182.090. Certainly, the subsections upon which Samuel relies do not negate the need for some sort of notice and proof; they merely state that what is required will not be found in ORCP 68. If recovery of attorney fees is to be based on ORS 182.090, some notice in the form of pleaded facts will be necessary before a court can consider awarding them.

---

[5] Such a pleading is necessary, in order to alert an agency of its potential liability and of the need to be able to show justification for lessening or denying any such award under ORS 182.909(2).

Neither is the *Deras* argument well taken. *Deras v. Myers, supra,* was an equity case in which a citizen successfully sought to have a particular election campaign statute declared unconstitutional. This court directed that the citizen be awarded an attorney fee for his work in the case. The award was based on the inherent power of a court sitting in equity as well as the fact that the citizen had vindicated a right applying equally to all citizens, without any monetary or other gain peculiar to himself. 272 Or at 65-66. *See also Cook v. Employment Division,* 293 Or 398, 401, 649 P2d 594 (1982). Samuel's position is not analogous. He is not a volunteer (at least in the *Deras* sense); he is vindicating only an interest of his own. Even if this case were one in equity, it would not be an appropriate one in which to make an award based on *Deras v. Myers, supra.*

Where a particular statute, here ORS 182.090, provides for a remedy such as the award of attorney fees by a court to a successful litigant, and where that statute establishes particular conditions for its application, it is inappropriate for a court to import into another, more general statute, here ORS 28.080, the same or even broader authority to award attorney fees. That is what the Court of Appeals majority did here. It erred.

The decision of the Court of Appeals is reversed. The judgment of the trial court is affirmed.