Argued and submitted June 13, reversed and remanded November 14, 1984, reconsideration denied January 25, petition for review denied March 26, 1985 (299 Or 31)

**PARKER,**
*Appellant,*

*v.*

**MAY et al,**
*Respondents.*

**(16-82-09820; CA A29911)**

690 P2d 1125

Fern Eng, Eugene, argued the cause for appellant. With her on the briefs was Neal & Krambs, Eugene.

James V.B. Delapoer, Albany, argued the cause for respondents. With him on the brief were Long, Delapoer, Koos & Healy, P.C., Albany, Jaye Caroline Fraser, and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action for personal injury arising out of a motor vehicle accident on December 28, 1980, in which Steven Parker sustained injuries. On or about November 24, 1982, an action was filed against defendants, mistakenly naming Alfred Parker, Steven's father, as plaintiff instead of Steven Parker. The suit was not brought in a representative capacity. Defendants filed an answer denying that Alfred Parker was involved in the accident in question, but no attempt was made by plaintiff at that time to remedy the mistake by substituting the correct plaintiff.

Near the end of April, 1983, defendants' attorneys suggested to plaintiff's attorney that he take a "very careful look" at his pleading regarding who was the party plaintiff. On April 26, 1983, two weeks before the Statute of Limitations would run,[1] defendants' attorney wrote to plaintiff's attorney specifically advising him that they believed that a mistake had been made in identifying the plaintiff. Apparently, plaintiff's attorney was preparing to leave town at that point and left instructions with his staff to file an amendment substituting the correct plaintiff. For whatever reasons, a motion to amend the complaint was not filed until May 17, 1983, one week after the Statute of Limitations had expired.

The amended complaint tendered for filing was exactly the same as the original complaint, except that the caption correctly named Steven Parker as plaintiff instead of Alfred Parker. Defendants filed memoranda in opposition to plaintiff's motion. They objected to the motion on the ground that, by changing the name of the plaintiff, plaintiff would be stating an entirely new cause of action which was barred by the Statute of Limitations. The trial judge denied plaintiff's motion, apparently believing that he had no authority to grant it for the reasons stated by defendants. Defendants thereafter filed motions for summary judgment on plaintiff's original complaint. Because the plaintiff named in the original complaint was not involved in the accident, the trial court allowed the motions and entered judgments for defendants.

We are asked to decide whether the trial judge erred

---

[1] The parties agree that the Statute of Limitations on Steven Parker's claim expired on May 10, 1983, one year after he reached the age of majority. ORS 12.160.

in concluding that he was without authority to grant plaintiff's motion to allow the filing of an amended complaint.[2]

Defendants assert, and the trial court apparently believed, that it was without authority to grant leave to amend under ORCP 23A, because the proposed amendment changing the plaintiff would create a new cause of action on which the Statute of Limitations had expired. They rely on *Richard v. Slate*, 239 Or 164, 396 P2d 900 (1964), where a wrongful death action had been commenced by a plaintiff who had no cause of action, because he lacked capacity to sue, having been improperly appointed administrator of a nonresident decedent. After that same individual was validly appointed administrator, and after the Statute of Limitations had expired, he attempted to amend the complaint to substitute the properly appointed party. The Supreme Court held that, when an action has been commenced by one who has no cause of action, bringing in a proper party as a plaintiff to maintain the action is regarded as commencement of a new action and is barred if the Statute of Limitations has run. To hold otherwise, the court reasoned, would circumvent the legislative intent in passing the Statute of Limitations. 239 Or at 169.

*Richard* would support defendants' position that the attempt to substitute the proper party created a new claim. The focus there was on who had asserted the claim, not on whether a claim existed. However, ORCP 23C, effective January 1, 1980, changes the focus of the inquiry in deciding this case. It provides, in pertinent part:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. * * *"[3]

---

[2] Defendants claim in the alternative that the trial judge believed that he had the authority to grant the amendment and exercised his discretion to deny it, recognizing that plaintiff's attorney had several opportunities to correct the problem and inexcusably had failed to do so. The trial court did not explain its decision. Although it is far from clear from the record, we believe that the trial court believed that it was without discretion to allow the amended pleading to be filed after the running of the Statute of Limitations.

[3] The first sentence of ORCP 23C, quoted in the text, relates generally to amendments to a claim or defense and provides that these relate back if they arise out of the same conduct, transaction or occurrence set forth in the original pleading.

The balance of ORCP 23C relates specifically to a change in the party defendant

As distinct from *Richard,* the focus of ORCP 23C is on notice to a party by the original pleading that the conduct described therein is claimed to have given rise to a claim or defense. As the Supreme Court explained in *Welch v. Bancorp Management Services,* 296 Or 208, 221, 675 P2d 172 (1983):

> "The apparent rationale for allowing a post-limitation amendment to relate back to the pre-limitation pleading, and thereby defeat the statute of limitations, is that a party who is notified of litigation concerning certain conduct [*Campbell v. Ford Industries, Inc.,* 274 Or 243, 254, 546 P2d 141 (1976)] or a given transaction or occurrence through the original complaint, has been given the notice that the statute of limitations was intended to assure. Wright and Miller, *supra* § 1496, 482-83, § 1503, 535."

*Welch* involved a claim for tortious interference with a contract for real estate financing executed by the plaintiff, a real estate developer, and U.S. Bancorp Realty and Mortgage Trust, a real estate investment trust. The trust was not a party to the litigation. The original complaint contained allegations of defendants' misrepresentations to the trust. An amended complaint, filed after the two-year Statute of Limitations had expired, made additional allegations for the first time as to the defendants' misrepresentations to the plaintiff during approximately the same period. The amended complaint did not allege any new damages arising out of the newly alleged misrepresentations. The court found that the additional alleged misrepresentations interfered with the same contract at substantially the same time, causing the single injury alleged in the original complaint. As a result, the court concluded that the conduct arose out of the same transaction pleaded in the original complaint and related back. The court relied on the "broader language of ORCP 23C," 296 Or at 222, and the fact that the defendants asserted no prejudice by adding the new allegations.

*Welch* does not directly decide this case, because we

---

and adds other conditions to the relation back of such an amendment. We do not infer from the fact that the second sentence of ORCP 23C deals specifically with relation back as to a change in a party against whom a claim is made that there can be no relation back when there is a change in the party making the claim. FRCP 15(c), on which ORCP 23C is based, has been construed to allow substitution of a plaintiff after the running of the Statute of Limitations. *See Yorden v. Flaste,* 374 F Supp 516 (D Del 1974); *Hyatt Chalet Motels, Inc. v. Salem Bldg. & Const. Tr. Coun.,* 298 F Supp 699 (D Or 1968); *Link Aviation, Inc. v. Downs,* 325 F2d 613 (DC 1963).

are now asked whether an amended complaint filed by one having a potential right to recover damages and alleging that that right arose from a specific occurrence will relate back to an earlier complaint filed by one having no potential right to recover, but whose complaint gave notice of an alleged claim arising from the same occurrence. The conduct or occurrence described in the amended pleadings was identical to that set out in the original complaint, except that the caption correctly named Steven Parker as plaintiff instead of Alfred Parker. The original complaint correctly described the location, time, date and circumstances of the accident, with the exception of the proper party. ORCP 23A authorizes the court to grant amendments liberally when justice so requires.

It is clear that the events described in the original complaint gave notice to defendants that those events were alleged to be the basis of a claim. With the focus under ORCP 23C on giving a defendant notice that his conduct has given rise to a claim and on permitting amendments to relate back when such notice has been given, we believe a trial court has discretion to allow an amendment with respect to the party plaintiff under the facts of this case. Defendants were, in fact, aware of the mistake and the identity of the proper party from the time the original complaint was filed and, to their credit, repeatedly called plaintiff's attention to the problem. No surprise or prejudice is claimed or could be claimed by defendants in the sense that their opportunity to prepare an adequate defense was adversely affected.

We conclude that, under these circumstances, the injuries to Steven Parker arose out of the same conduct or occurrence set forth in the original complaint and relate back to the original pleadings under ORCP 23C. While we do not condone the fact that plaintiff's attorney failed to act expeditiously, we find that the trial court had discretion under ORCP 23A to allow the amendment to the original pleadings, and we remand for the exercise of that discretion as justice may require.

Reversed and remanded.