Argued and submitted January 30, affirmed April 10, 1985

# BRADFORD,
*Appellant,*

*v.*

# DEAN DISTRIBUTING CO., INC. et al,
*Defendants,*

## LeDOUX,
*Respondent.*

(A8312-07574; CA A31809)

698 P2d 489

Kerry D. Montgomery, Portland, argued the cause for appellant. With him on the briefs was Robt. H. Hollis, Portland.

William H. Stockton, Hillsboro, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff brought this personal injury action against Dean Distributing Co. (Dean) and Lovelace for injuries she sustained when a vehicle owned by Dean and operated by LeDoux struck the Lovelace vehicle, causing it to strike plaintiff's vehicle.

Lovelace did not appear and was voluntarily dismissed by plaintiff. Through discovery, plaintiff learned that LeDoux, although an employe of Dean, was not acting within the scope of his employment for Dean and that Dean was not vicariously liable for LeDoux's conduct at the time of the accident. Dean was granted summary judgment.

Plaintiff joined LeDoux after the statute of limitations had run, contending that her amended complaint related back to the filing of the original complaint under the provisions of ORCP 23C,[1] because, "but for a mistake concerning the identity of the proper party, the action would have been brought against him in the first instance." Plaintiff appeals from a trial court judgment in favor of LeDoux entered on the ground that the claim was not timely filed.

Plaintiff at all times knew that LeDoux was the operator of the vehicle and that he was primarily responsible for the accident. If Dean was liable at all, it was due to LeDoux's negligence. Plaintiff simply elected to bring her action against the supposed employer, not the employe. A mistake as to which of two known potential defendants is liable is not a mistake as to who is a proper party within the meaning of ORCP 23C. *See, e.g., Parker v. May,* 70 Or App 715, 690 P2d 1125 (1984).

Affirmed.

---

[1] ORCP 23C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."