Argued and submitted December 13, 1985, reversed and remanded May 14, 1986

SIZEMORE,
*Appellant,*

*v.*

SWIFT et al,
*Respondents.*

(82-1644; CA A35142)

719 P2d 500

John Mayfield, Beaverton, argued the cause and filed the brief for appellant.

Malcolm Marsh, Salem, argued the cause for respondent. With him on the brief was Clark, Marsh, Lindauer and McClinton, Salem.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore.

## GILLETTE, P. J., Pro Tempore

Plaintiff, the executor of the estate of Joseph Martin French (Joseph), appeals from a summary judgment in favor of defendants in this legal malpractice case. Plaintiff alleges that defendants were negligent in drafting the will of Leonard C. French (Leonard), Joseph's father, and that, as a result, Joseph's estate had to incur legal and other expenses in order to recover the corpus of a trust of which Joseph was the beneficiary under the terms of Leonard's will. Defendants sought summary judgment on the grounds that there was no negligence, that the case was untimely under the statute of limitations and that plaintiff is without capacity to bring the case because he is not the real party in interest. The court granted the motion without stating the reasons for its ruling. We reverse and remand.

Defendants drafted Leonard's will in 1964. The residuary clause divided the bulk of the estate among his three adopted sons, except that Joseph's share, if it exceeded $15,000, was to be placed in a spendthrift trust, with Joseph receiving only $150 per quarter. The trust included no provision for its distribution on Joseph's death. Leonard died in 1974 and the trustee, Commercial Bank, paid Joseph the required amounts until his death intestate on September 18, 1980. Craig French (Craig), Joseph's son and sole heir, then asked the bank to pay him the corpus of the spendthrift trust. The bank refused. Craig sought legal advice from plaintiff, their first contact being by telephone on October 2, 1980. Plaintiff apparently made a number of inquiries thereafter, but the record does not reveal his activities with precision until January, 1981, when he wrote the bank demanding payment of the money. The bank responded on January 28, 1981, stating its position that the trust merged with a different trust for the benefit of Leonard's grandchildren. Although it later changed its construction of Leonard's will, the bank continued to refuse to pay Craig the full amount of the trust.[1]

---

[1] Exactly what the bank's position was is unclear. Apparently, it believed either that the trust did not terminate on Joseph's death or that it passed to Leonard's estate as a resulting trust and should be distributed either according to the rules of intestate succession or according to the residuary clause of Leonard's will. Under either distribution formula, one-third of the corpus would have gone to each of Leonard's two surviving sons, and Craig would have received the remaining third as Joseph's sole heir.

Because the bank would not distribute the trust without a judicial interpretation of Leonard's will, plaintiff, as Craig's attorney, filed a declaratory judgment action in November, 1981. That action was resolved in August, 1982, by a stipulated judgment which ordered payment of the trust to Joseph's estate. In order to carry out the judgment, plaintiff had Joseph's estate opened and was appointed administrator. As such, he received the trust corpus. After paying his legal fees and the estate's administrative costs, he distributed the remainder to Craig.

On November 17, 1982, Craig filed this action through an attorney in plaintiff's law office. He alleged that Leonard intended to give Craig a devise from the estate and that defendants' negligence in drafting the will rendered that intent ineffectual, damaging Craig in the amount of the legal fees and administrative costs that plaintiff deducted before paying him the trust money. In January, 1983, the court granted defendants' motion to dismiss on the ground that the complaint failed to allege facts constituting a claim, that Craig was not the real party in interest and that he lacked the capacity to sue. The court rejected a statute of limitations defense which defendants also presented.

The same attorney then filed an amended complaint, substituting plaintiff, as personal representative of Joseph's estate, for Craig as the plaintiff. The amended complaint alleged that Leonard intended to give Joseph a devise which would become part of Joseph's estate on Joseph's death and that defendants were negligent in drafting a will that failed to carry out that intention. The amended complaint sought the same damages on behalf of the estate that the original complaint had sought on behalf of Craig. The court denied a renewed motion to dismiss that raised the same issues as had the previous motion. Defendants thereafter moved for summary judgment on essentially the same grounds; the court granted the motion and entered judgment for defendants. This appeal followed.

The first issue is whether the present plaintiff, as the administrator of Joseph's estate, is the real party in interest or, more precisely, whether he was properly substituted as plaintiff. The declaratory judgment action determined that Joseph's estate should receive the balance of the trust. The

estate paid the attorney fees and costs of litigation from the proceeds. If anyone was damaged by an error of defendants, it was the estate; it is, therefore, the real party in interest.

■ ORCP 26A, which requires that every action be prosecuted in the name of the real party in interest, also provides:

"No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of the commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

We hold that plaintiff's filing of the amended complaint was appropriate under that rule. Plaintiff is properly in the case as the real party in interest. The original complaint alleged that Leonard intended that Craig should receive the trust corpus after Joseph's death; the amended complaint alleged that Leonard intended Joseph's estate to receive it. Defendants argue that, as a result, the amendments should not relate back to the filing of the original complaint.

ORCP 23C provides, in part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Although the two complaints allege a slightly different intent on Leonard's part, they clearly deal with the same "conduct, transaction, or occurrence * * *." The focus of ORCP 23C is not on whether the amended pleading asserts the same claim as did the previous pleading, but on whether there was "notice to a party by the original pleading that the conduct described therein is claimed to have given rise to a claim * * *." *Parker v. May,* 70 Or App 715, 719, 690 P2d 1125 (1984), *rev den* 299 Or 31 (1985). The original *and* the amended complaint both alleged that defendants were negligent in failing to provide for distribution of the trust on Joseph's death. The complaints differed in their allegations of Joseph's intent, but the differences did not make the underlying claim significantly

different. Under either theory, Craig would eventually be entitled to the entire amount. The amended complaint did not seek greater damages or assert a theory of liability which was significantly different from the original complaint.

In *Parker v. May, supra,* we held that a trial court has discretion to allow an amended pleading which changes the plaintiff from one who had no claim to one who did. There, as here, both complaints concerned the same events and the defendants were not prejudiced by the amendment. We do not think that the relatively minor refocusing of plaintiff's claim makes this case different in substance from *Parker.* The court properly allowed the amended complaint.

■ Finally, and even though both Craig and plaintiff knew, in early October, 1980, that the bank might resist paying the trust corpus to Craig, we hold that the record on summary judgment is insufficient to show, as a matter of law, that plaintiff knew or should have known, at least before January, 1981, that the difficulties were the result of defendants' negligence in drafting the trust. The original complaint was filed on November 17, 1982, less than two years later. Because the amended complaint relates back to that date, defendants were not entitled to summary judgment on the statute of limitations defense. *See U.S. Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976); *Fliegel v. Davis,* 73 Or App 546, 699 P2d 674, *rev den* 299 Or 583 (1985).

Defendants argue that they could not have been negligent, because the trust in fact functioned as Leonard intended. That fact is not decisive. That plaintiff ultimately recovered the trust corpus for Joseph's estate does not as a matter of law absolve defendants of negligence. A trier of fact might find that the bank acted reasonably under the trust as defendants drafted it in requiring a court order before paying the money to the estate.[2] It might also find that that litigation would not have been necessary under a properly drafted trust.

---

[2] The corpus of a testamentary trust normally returns to the grantor's estate through a resulting trust if there is no provision for distribution on the beneficiary's death. It then passes according to the residuary clause of the grantor's will. *Jorgensen v. The Pioneer Trust Co. et al.,* 198 Or 579, 258 P2d 140 (1953). Although a will may indicate a different intent, it is not at all clear that this one did. The trustee could have been liable to the other residuary legatees, *i.e.,* Joseph's brothers, if it had paid the trust corpus to Craig or to Joseph's estate without a judicial will construction proceeding in which the brothers were parties.

Plaintiff, who has more than ten years' experience in trusts and estates, stated in an affidavit opposing defendants' motion for summary judgment that it is not reasonable under Oregon practice to create a trust without a term or without designating the manner of disposition of the funds on the beneficiary's death.

■■ Just as the fact of litigation does not in itself prove negligence, *see U.S. Nat'l Bank v. Davies, supra,* 274 Or at 668, so ultimate success in the litigation does not in itself disprove it. Defendants correctly point out that an attorney is not an insurer of the validity of documents that he drafts. However, the attorney does have a duty to draft them in a non-negligent manner. The evidence on the motion for summary judgment shows that there are disputed issues of material fact about negligence, as will usually be true when issues respecting compliance with a standard of care are involved. The court therefore should not have granted summary judgment to defendants on this ground.

■ The final question is whether the expenses of litigation are in themselves damages which will support a negligence action. In *U.S. Nat'l Bank v. Davies, supra,* the court noted that the need to defend an action as a result of an attorney's alleged malpractice caused damage to the plaintiff's decedent. 274 Or at 668. The damage which the court meant could only have been the attorney fees and other litigation expenses that the plaintiff's decedent had had to incur as a result of the alleged malpractice. *See also Bollam v. Fireman's Fund Ins. Co.,* 76 Or App 267, 709 P2d 1095 (1985), *rev allowed* 300 Or 545 (1986). If defendants in this case negligently drafted Leonard's will, and if that negligence led to litigation expenses that Joseph's estate would not otherwise have incurred, and if the other requirements for liability, such as forseeability, are satisfied, the estate was damaged by the amount of the litigation expenses. Those are issues which are to be determined on remand.

Reversed and remanded.