**NATIONAL INDEMNITY COMPANY,**
a corporation, Plaintiff,

v.

**Carl A. HARPER, d/b/a American Ambulance Service, Kenneth C. McCracken, Harold E. Fitzgerald, Lewis Aggus, Mary Aggus, and Don Davis, Defendants.**

No. 1833.

United States District Court
W. D. Missouri,
Southwestern Division.

Jan. 22, 1969.

Meredith B. Turner, of Stewart, Reid & Turner, Springfield, Mo., for plaintiff.

Theodore Beezley, Springfield, Mo., for defendant Carl A. Harper, d/b/a American Ambulance Service.

Emerson Foulke, Joplin, Mo., for defendants Lewis Aggus, Mary Aggus, and Don Davis.

## MEMORANDUM OPINION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECLARATORY JUDGMENT

BECKER, Chief Judge.

This is an action for declaratory judgment brought by an automobile liability insurer as plaintiff under Section 2201, Title 28, authorizing federal courts to render declaratory judgments in any cases of actual controversy (except with respect to federal taxes) within its jurisdiction. Jurisdiction exists because of diversity of citizenship and the presence of the jurisdictional amount in controversy.[1]

1. Diversity of citizenship is apparent. Section 1332, Title 28. There is no dispute concerning the presence of the jurisdictional amount measured by the substance of the injuries and damages of certain defendants and the potential liability rather than the amounts prayed for as damages in the petitions in the state court petitions for damages affected by this action. Because of the lapse of time since the casualty in which certain defendants were injured and because of other unusual circumstances, rendition of a declaratory judgment is deemed appropriate and discretion to do so is hereby exercised. F.R.Civ.P. 57; Section 2201,

There is and was at the time of filing this action an actual controversy between plaintiff and defendants which will be apparent from the statements of fact herein.

### Findings of Fact

The plaintiff National Indemnity Company ("Insurer" hereinafter), a Nebraska stock insurance corporation, with its principal place of business in Nebraska, issued to the defendant Harper doing business as American Ambulance Service, 1537 North Glenstone Avenue, Springfield, Missouri, its automobile liability insurance Policy No. ACEE123015 effective January 7, 1960, to January 7, 1961. The relevant limits of liability of this policy were as follows: (A) Bodily Injury Liability, $25,000 for each person; $50,000 for each accident; (B) Property Damage Liability, $5,000; (C) Automobile Medical Payments, $5,000.

On December 21, 1959, prior to the issuance of this policy, the defendant Harper applied to the City of Joplin, Missouri, for a license to operate an ambulance service in that city. There was in full force and effect in the City of Joplin on October 1, 1956, and continuously thereafter, Ordinance No. 22965 licensing and regulating operation of private ambulances. Among other provisions this ordinance provided in respect to each licensee for the declaration by the City Council after public hearing that the public convenience and necessity requires the proposed service; for inspection of the equipment proposed to be used; and for the insurance specified in Section 9 of the ordinance which is as follows:

"*Section 9.* INSURANCE POLICIES.—An applicant hereunder shall file with the Director of Finance an insurance policy to be approved by the Director of Finance providing insurance coverage for each and every ambulance owned, operated and/or leased by the applicant for injury to or death of persons in accidents resulting from any cause of which the owner of said vehicle would be liable on account of any liability imposed upon him by law, regardless of whether the ambulance was being driven by the owner, his agent or lessee, and as against damages to the property of another, including personal property, under like circumstances, in sums not less than $50,-000.00 for any one accident, $25,000.00 for any one person, and $50,000 for property damage in any one accident.

(1) COVERAGE PERIOD. Every insurance policy required hereunder shall extend for a period covered by the license applied for and the insuror shall be obliged to give not less than 30 days written notice to the Director of Finance and to the assured before cancellation or termination thereof earlier than its expiration date and the cancellation or other termination of any such policy shall automatically revoke and terminate the license issued for the ambulance service covered by such policy, unless another insurance policy complying with the provisions of this section shall be provided and be in effect at the time of such cancellation or termination."

The ordinance contained no reference to any limited radius of operation, nor to limitation of liability to particular classes of occupants of an ambulance.

Defendant Harper presented his application under the ordinance to the City Council at a public hearing on January 4, 1960. At this hearing his counsel represented to the Council that defendant Harper possessed the qualifications and equipment and would provide the insurance coverage required by the ordinance. Thereupon the City Council approved the application. No mention was made at the hearing of any proposed limitations of insurance coverage based on radius of operations or exclusion of passengers or

---

Title 28, U.S.C. This action is not to be considered generally as a precedent on the appropriateness of the remedy and the standards governing exercise of discretion.

other occupants from coverage. See D. EX. 9.

In order to comply with the insurance coverage of the ordinance defendant Harper requested, and the insurer furnished to the City of Joplin, a certificate of insurance (not the original policy) issued by the insurer covering vehicles operated in the City of Joplin by the defendant Harper doing business as American Ambulance Services, whose address was 710 Virginia Street, Joplin, Missouri. This certificate was dated January 21, 1960, and expressly described the motor vehicle later involved in the collision with a motor vehicle driven by defendant Fitzgerald in which certain defendants in this case were injured.[2]

After the collision, civil actions for damages, alleged to have resulted therefrom, were filed against the defendants Harper, Fitzgerald and McCracken. These civil actions were filed by defendants Davis, a nurse, Lewis Aggus, a patient, and his wife, defendant Mary Aggus, all occupants of the ambulance at the time of the collision.

The insurer contends, and the defendants deny, that the original policy issued to the defendant Harper, included two limiting endorsements, (1) a "limitation of use endorsement" dated January 8, 1960, and (2) an "exclusion of passenger hazard—ambulances" endorsement dated January 7, 1960.

The limitation of use endorsement, in its material parts, provided as follows:

"In consideration of the reduced premium at which this policy is written, it is hereby understood and agreed that no coverage shall be in effect under this policy at any time during which the insured property is more than 50 miles from insured's address as shown on this policy." [3]

The exclusion of passenger hazard endorsement, in its material parts, provided as follows:

"In consideration of the issuance of this policy, the insured understands and agrees by acceptance of this endorsement that no coverage shall extend for injury to any passenger in or upon or while entering into or alighting from the ambulance." [4]

It is hereby found that these endorsements were affixed to the original copy of the policy in question, but it is further found that the endorsements were not filed with the City of Joplin, were not mentioned in the certificate of insurance furnished to the City of Joplin and were not known to the City of Joplin or its officers.

In addition the original policy contained two further conditions which are as follows:

"9. *Financial Responsibility Laws— Coverages A and B:* When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with

---

2. Compare with certificate dated January 8, 1960, issued to defendant Harper at his Springfield, Missouri, address, apparently unsatisfactory in form to the City of Joplin. This certificate was furnished to the City of Joplin by the plaintiff insurer for a valuable consideration (a premium paid by Harper) to assist Harper in qualifying for a license to operate an ambulance business located in and operating out of the City of Joplin. At the time the certificate was furnished the insurer through its agent had notice, actual and constructive, of the provisions of the ordinance under which it was furnished.

3. The address on the policy proper was 1537 Glenstone Avenue, Springfield, Missouri. On the insurer's daily record of the policy, its controlling record, it was 710 Virginia, Joplin, Missouri, both of which are more than 50 miles from the scene of the casualty in question.

4. This endorsement form required acceptance by signature of the insured which did not appear on the original prepared for attachment to insured's copy of the policy or on the copy attached to the daily record of the insurer. However, this is not deemed to be decisive.

respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

\* \* \* \* \* \*

"26. *Terms of Policy Conformed to Statutes*: Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

In issuing the license to Harper the City of Joplin relied upon the certificate of insurance dated January 21, 1960. The insurer intended that the City of Joplin rely upon this certificate of insurance, and in furnishing the certificate intended to represent that the insurance policy did comply with the ordinance in question. It is a fair inference from all the record and the evidence and is found to be a fact, that the City of Joplin would not have issued the license to Harper had it been aware of the limiting endorsements referred to hereinabove.

On December 18, 1960, while the policy was in force and effect, defendant Harper, operating as the American Ambulance Service of Joplin, Missouri, undertook for a valuable consideration to convey a patient, the defendant Lewis C. Aggus, from Joplin, Missouri, to Missouri University Hospital at Columbia, Missouri, via Sedalia, Missouri. The ambulance was driven on the trip by the defendant McCracken, as the servant and employee of defendant Harper, to Sedalia, which is more than 50 miles from Joplin (and from Springfield). In Sedalia, Missouri, the ambulance collided at an intersection with a Ford automobile operated by the defendant Fitzgerald. The police report of investigation indicates that a substantial case of negligence exists against the defendant McCracken, and by the doctrine of *respondeat superior* against defendant Harper (and perhaps, depending on the speed of the ambulance and on the timely use of emergency siren and lights, against the defendant Fitzgerald).

At the time of the collision, the defendant patient Lewis C. Aggus was accompanied in the ambulance by his wife, defendant Mary Aggus, and the defendant Don Davis. Defendants Lewis C. Aggus, Mary Aggus, and Don Davis were injured in the collision. Each has filed a suit for damages against defendants Harper and Fitzgerald, which the plaintiff insurer has refused to defend and on each of which plaintiff insurer has denied liability coverage. The total damages claimed and potential liability in these suits greatly exceed $10,000.

There remain for consideration the legal contentions of the parties.

The plaintiff insurer contends first that as a matter of fact the two endorsements were attached to the original policy and therefore, as a matter of law, the exclusions thereof are effective, entitling plaintiff to a declaratory judgment against all defendants that it has no coverage of the liability arising out of the collision in question. On the factual premise of this contention the issue has been found in favor of the plaintiff insurer. But this does not require a legal conclusion that the plaintiff insurer is thereby exonerated from liability and coverage of the collision in question. The legal questions involved are substantial on the facts disclosed by this record.

■ It is clear that the substantive law of Missouri governs in this diversity action.

Under the applicable law defendants are entitled to a declaratory judgment that the plaintiff insurer was obligated under the certificate of insurance to pay for the investigation, defense, and to pay the liability to the third parties within the limits of the certificate, because the exclusions described above were invalid.

### Discussion of Authorities

The authorities which support the foregoing conclusions of law in respect to the invalidity of the exclusions follow.

At the outset, in discussing the authorities it should be noted that the certificate of insurance filed by the plaintiff insurer is one which was required to be filed by Section 9 of the ordinance quoted above. Therefore, Missouri cases passing on legal issues concerning policies not required to be filed by statute or ordinance are not in point. The distinction is made clear by Perkins v. Perkins (Mo.App.1955) 284 S.W.2d 603, l. c. 610, in which it was held that a policy, not actually required and certified under the Missouri Safety Responsibility Act, was not governed by statutory definition of coverage. 284 S.W.2d l. c. 610. In so holding the Missouri court followed the general rule drawn from the jurisprudence of many states on the subject.

■ Missouri has long been in the ranks of the majority of the states holding generally that a valid ordinance (or statute) became an integral part of insurance contracts made in contemplation thereof. See Lux v. Milwaukee Mechanics' Ins. Co. (1927) 221 Mo.App. 999, 295 S.W. 847, transferred by Mo.Sup. 285 S.W. 424, wherein it is stated l. c. 850:

> "The ordinance pleaded must be held to be a part of the contract of insurance, and the insurer is bound thereby. This is in accordance with the general rule that where parties contract upon a subject [matter] which is surrounded by statutory limitations and requirements, they are presumed to have entered into such contracts with reference to such statutes, and such provisions become part of the contract. Persons are presumed to know the ordinances. * * *"

An exception to this rule is recognized where the ordinance in question is unconstitutional. Lux v. Milwaukee Mechanics' Ins. Co. (Mo.Sup. en banc 1929) 322 Mo. 342, 15 S.W.2d 343; (Mo.Sup.) 16 S.W.2d 595 (dissenting opinion).

The general rules followed by Missouri are summarized in 12 Appleman, Insurance Law and Practice, Sections 7048 to 7053 inclusive.

■ Furthermore, it is a rule of construction generally recognized in the United States, which Missouri would follow, that the requirement of sufficient insurance prior to receiving authority to do business is compulsory, not voluntary. The purpose is to protect the public against negligent operation of motor vehicles, and to provide a means of recovery for those injured in their person or property by such operation, including passengers. The obligations of the insurance are measured and defined by the pertinent statute or ordinance and the two together form the contract. Homan v. Employers Reinsurance Corp. (1939) 345 Mo. 650, 136 S.W.2d 289, 127 A.L.R. 163 l. c. 170; 7 Appleman, Insurance Law and Practice, Sec. 4463.

■ Therefore, it seems clear that under Missouri law the ordinance in question, if valid, became a part of the certificate and contract of insurance filed with the City of Joplin by the plaintiff insurer.

■ Plaintiff insurer contends that the ordinance in question did not, and could not, validly require a certificate of insurance free of the 50-mile radius exclusion and free of the passenger exclusion; that the City had power only to regulate the operation on the streets of Joplin, and that is all the ordinance purported to regulate. But the ordinance had a broader legitimate purpose, namely the protection of patients, passengers and the public from hazards of operating an ambulance service based in Joplin and carrying patients and other passengers to and from Joplin.

It is true that Section 3 of the ordinance prohibited operation of an unlicensed ambulance on the streets of Joplin. This was an exercise the basic police power relied upon to secure compliance with the many provisions of the ordinance designed to protect the public

generally and customers of the ambulance service in particular.

Under the ordinance the applicant had to agree to reasonable conditions in order to secure the privilege of operating on the streets and in the City of Joplin.

■ In this day of rapid transportation with daily need for taxicabs, ambulances and other public conveyances to travel in, out of, and into the city limits to airports, hospitals, to medical centers and to scenes of personal injuries on the highway, the needs of municipal protection of citizens of municipalities and the travelling public should not be measured narrowly by city boundaries. It is a reasonable exercise of Missouri municipal legal powers to require insurance effective beyond the city limits, to be provided by municipal licensees whose base of operations is within the municipality.

■ The point is further illustrated by considering the passenger exclusion. If the term "passenger" is not construed narrowly to exclude only the injured or ill being transported, it may exclude relatives, nurses and helpful friends even on the streets of Joplin. Surely the welfare of those accompanying and attending the primary subject of carriage is a reasonable concern of the city. Further, if effective, the passenger exclusion might exclude injury to passengers in the city limits of Joplin. The City had a right to prevent this result by ordinance, so the passenger exclusion is invalid.

On the extraterritorial effect of insurance required as a condition of a license to carry the public for hire, the case of Thompson v. Amalgamated Cas. Ins. Co., Inc. (1954) 92 U.S.App.D.C. 307, 207 F. 2d 214, seems to be the most persuasive authority which would appeal to the Missouri courts. In the absence of a direct decision in Missouri the *Thompson* case, supra, was found to express the rule applicable under Missouri jurisprudence. In that case the Court held, contrary to plaintiff's contentions in this case on the extraterritorial issue, the following, l. c. 219 :

"We find no merit in the contention which the Company bases upon the fact that the accident occurred outside the District of Columbia * * * This act prescribes the conditions upon which a common carrier may operate *on the streets of Washington.* It provides, in effect * * * * that such passengers will be protected against damage so long as they are in that cab. * * * *" (Emphasis added.)

While there are federal distinctions in this case and the *Thompson* case, supra, they are not substantial. Plaintiff's arguments that the *Thompson* case is based on the interstate commerce powers of Congress and is therefore inapplicable are not persuasive. The decision here is based on contract, not power.

■ On the facts found hereinabove, it is concluded as a matter of Missouri substantive law that the plaintiff is obligated on the certificate of insurance filed with the City of Joplin as liability insurer of defendant Harper and his servant McCracken to pay any judgments secured by defendants Lewis Aggus, Mary Aggus, Don Davis and Kenneth Fitzgerald up to the policy limits, and to pay valid claims under the automobile medical payments coverage.

It is further concluded that the certificate of insurance was a certificate required to be filed by a valid ordinance of the City of Joplin which did not authorize or have knowledge of the two special exclusions relied on by plaintiff insurer, and that, therefore, those exclusions are inoperable and of no effect in respect to the casualty in question.

■ It is further concluded that the ordinance of Joplin by requiring insurance on ambulances effective outside the limits of the city does not make an unlawful requirement. An ambulance service licensed to operate out of a place of business in Joplin would be of little service if it could not pick up and deliver patents outside the city limits. Even the 50-mile radius exclusion relied on recognized a necessity to operate many miles outside the City of Joplin.

An issue is raised concerning the validity of the ordinance in question under the Constitutional Home Rule Charter of the City of Joplin. On this issue it is concluded that the ordinance is authorized by Missouri law including the Home Rule Charter and relevant state statutes.

It is further concluded that independently the plaintiff insurer having voluntarily, for a premium paid, supplied the certificate of insurance in compliance with the ordinance is in no position to raise the validity of the ordinance. For the plaintiff's liability is based upon its contract of insurance voluntarily supplied, not independently on the ordinance. The ordinance is important in determining what the contract of insurance was, not in fixing liability solely by virtue of the ordinance. The ordinance is read into the contract of insurance by reference.

There is nothing in the recent case of Padberg v. Roos (Mo.Sup.) 404 S.W.2d 161, cited by defendants, which is in conflict with the conclusions in this case. The provisions of a constitutional charter in Missouri, within certain liberal limits, have the force and effect of legislative enactments. Cf. General Installation Co. v. University City (Mo. Sup.) 379 S.W.2d 601.

After the foregoing findings of fact and conclusions of law were announced at a post-trial conference, the plaintiff insurer filed a motion to dismiss this action on the ground that the plaintiff insurer had settled its liability to the defendants Davis, Mr. Aggus and Mrs. Aggus by making the following contributions to a joint settlement by plaintiff insurer and the insurer of the third party Fitzgerald, defendant herein:

To Lewis and Mary Aggus $5,535.75 of a total payment of $7,500.00

To Don Davis $2,214.25 of a total payment of $3,000.00

On the basis of the statement of these settlements the plaintiff insurer claims that there now exists no justiciable controversy and that it now appears "that this cause is not within the jurisdiction of this Court" because the total amount is less than $10,000. For many obvious reasons these contentions are untenable and the motion to dismiss is denied. Cf. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

Further, the motion to reopen the case and to hear further evidence is denied, because it does not meet the standards for granting of such motions, and because the additional evidence is not material under the findings and conclusions of this case. Rule 60(b) F.R. Civ.P.

There remain in this case, despite the settlements mentioned above, the questions of obligations of plaintiff for attorneys' fees.

Because of the settlements the only question remaining is the obligation of the plaintiff insurer to the defendant insured Harper for attorneys' fees. Defendant Harper has moved for a declaration of liability of plaintiff for attorneys' fees incurred in the defense, preparation and trial of this action.

Attorneys' fees may be allowed a successful insured in a declaratory judgment action under (1) state law, and (2) statutory powers granted by Sections 2201 and 2202, Title 28, U.S.C., in the discretion of the federal court. Security Insurance Co. of New Haven v. White (C.A.10, 1956) 236 F.2d 215.

Under Missouri law, an insurer may be liable to an insured for refusal to defend a claim actually within the insurance coverage, even though under honest mistake, on the basis of breach of contract. Anno. 49 A.L.R.2d 694, l. c. 713; 31 Mo.L.Rev. 162; cf. Landie v. Century Indemnity Co. (Mo. App.) 390 S.W.2d 558. (This rule is not based on the statutory liability for "vexatious refusal" as considered in Maryland Casualty Co. v. Dalton Coal and Material Co. (C.A.8) 184 F.2d 181.) Under discretionary federal procedural principles, attorneys' fees may be allowed. Security Insurance Co. v. White, supra.

■ Under state law the unsuccessful plaintiff insurer is liable for the attorneys' fees and expenses incurred by the defendant Harper in this action.

If federal discretionary principles were applied the same result would be reached, even though the defendant Harper is not wholly blameless in accepting the policy with the restrictive endorsements. Nevertheless, he had no expertise in insurance, while the plaintiff did.

■ For the foregoing reasons, it is hereby

Adjudged and declared as follows:

1. This Court has jurisdiction of this civil action and controversy.
2. Missouri law governs the rights of the parties.
3. Plaintiff insurer has the burden of proving by a preponderance of the evidence (1) the existence of a justiciable controversy, and (2) facts necessary to disprove insurance coverage claimed by defendants.
4. Plaintiff insurer has met the burden of proving existence of a justiciable controversy.
5. Plaintiff has failed to meet the burden of proving facts necessary to disprove insurance coverage in controversy.
6. Plaintiff insurer was at the time of and in respect to, the casualty in question, on or about December 18, 1960, obligated to defendant Harper for the relevant coverages specified in its certificate of insurance dated January 21, 1960, filed with the City of Joplin and the policy of insurance, No. ACEE123015, with the exceptions that the limitations of use and passenger hazard endorsements thereon are not effective.
7. The refusal of plaintiff insurer to assume unconditionally its obligations described in paragraph 6, supra, constituted a breach of said contractual obligations, causing damages in the form of attorneys' fees and expenses to defendant Harper.

8. Under the circumstances plaintiff insurer is liable to defendant Harper for attorneys' fees and expenses incurred in the defense of this declaratory judgment action, and in investigation and defense of the claims of defendants Davis, and Mr. and Mrs. Aggus for damages.

It is further

Ordered and adjudged that the defendants have and recover their costs herein expended.