12 F.3d 998
 Elizabeth McClelland GANT, Plaintiff-Appellee,
v.
The GRAND LODGE OF TEXAS, (Ancient, Free and Accepted
Masons), a corporation, as trustee for Masonic Home and
School of Texas; Masonic Home and School of Texas; The
Citizens Bank of Clovis, Clovis, NM, a corporation,
Defendants-Appellants.
 No. 92-2093.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 23, 1993.
 
 Charles C. Spann of Spann, Latimer & Hollowwa, Albuquerque, NM, for defendants-appellants.
 Milton S. Seligman, Albuquerque, NM, for plaintiff-appellee.
 Before SEYMOUR and KELLY, Circuit Judges, and LEONARD, District Judge.*
 SEYMOUR, Circuit Judge.
 
 
 1
 Elizabeth McClelland Gant brought this diversity action against the Grand Lodge of Texas (Grand Lodge) and the Citizens Bank of Clovis (Citizens Bank) for further relief under a declaratory judgment she was previously awarded. The district court granted Ms. Gant's request. Defendants appeal, and we affirm.
 
 I.
 BACKGROUND
 
 2
 This suit centers on the will of Ms. Gant's grandfather, Joe McClelland. When Mr. McClelland died in 1938, he left his entire estate in trust. Under the provisions of the will, the trust income is to be distributed in the following manner: an annual payment to Ms. Gant of an amount sufficient to ensure her an adequate living during her lifetime, which the will set as $1,800.00 a year; a monthly payment of $75.00 to A.J. Nichols during his lifetime; and an annual payment to Grand Lodge of all trust income in excess of the $75.00 payment to Mr. Nichols for a period of twenty years following the death of Ms. Gant. Any excess trust income accumulates in the trust corpus. Grand Lodge will receive the remainder of the trust following the deaths of Ms. Gant and Mr. Nichols.
 
 
 3
 The will requires two trustees. Zanona Love and A.W. Skarda served as co-trustees until 1966, at which time Ms. Love retired. Mr. Skarda, who owned Citizens Bank, had the bank appointed as co-trustee. The bank was appointed as sole trustee by a 1968 order of the District Court of Curry County, New Mexico. Grand Lodge expressly consented to this appointment. Ms. Gant contends that she did not have notice of this action until many years later.
 
 
 4
 Although the will specifically set $1800.00 as the annual payment to Ms. Gant sufficient to insure her an adequate living, this amount was increased in 1948 and 1951 pursuant to a stipulation between Ms. Gant and Grand Lodge. The amount was again raised in 1960, 1968, 1973 and 1981 by order of the state court at the request of the trustees. The 1981 increase, which was the last one prior to the instant action, raised the payment to $1800.00 per month ($21,600.00 per year).
 
 
 5
 In 1986, Ms. Gant brought an action for declaratory and injunctive relief and for construction of her grandfather's will. She claimed that she was entitled to all trust income for life in excess of the amounts given to A.J. Nichols, arguing
 
 
 6
 (a) that the will should be construed to provide her all trust income during her lifetime in excess of the income given to A.J. Nichols, or, alternatively, (b) that all such income should pass to her as a consequence of partial intestacy, or, alternatively, (c) that all such income should be paid to her under a resulting trust theory....
 
 
 7
 Aplee.Supp.App. at 14 (District Court Findings of Fact & Conclusions of Law, January 9, 1988) (hereinafter 1988 Order). Ms. Gant also asserted that a co-trustee should be appointed, and that her annual payment should be increased.
 
 
 8
 The district court held that Ms. Gant could not bring the three alternate claims quoted above for the construction of the will because she had waived those claims and they were barred by laches. However, the court concluded that Ms. Gant's request for construction of the will provision under which she was to be provided an adequate living was not barred by res judicata, waiver and estoppel, laches, or the statute of limitations. The court held that Ms. Gant was entitled to receive an annual amount sufficient to insure her an adequate living, which the court found to be $42,000.00 as of 1987, the year of the trial. The court did not address the appointment of the co-trustee, and it determined that the parties should bear their own costs and attorneys' fees. On a motion for reconsideration, the court left its 1988 order undisturbed. Both parties appealed the judgment to this court. We affirmed the district court's opinion in an unpublished order and judgment. Gant v. Grand Lodge of Texas, No. 88-1359, 88-1461 (10th Cir. March 20, 1988), cert. denied, 493 U.S. 892, 110 S.Ct. 238, 107 L.Ed.2d 189 (1989).
 
 
 9
 In 1991, Ms. Gant filed a motion for further relief pursuant to 28 U.S.C. Sec. 2202, seeking an order increasing her annual payment retroactively to 1988, reconsideration of the matter of attorneys' fees, and further construction of the will, including the appointment of a co-trustee. The district court determined that the annual amount of money necessary to insure Ms. Gant an adequate living had increased since 1987 due to increases in the cost of living and due to extraordinary expenses in the form of attorneys' fees that she had incurred. Aplt.App. at 16-22 (District Court Order, January 9, 1992) (hereinafter 1992 Order). Basing its decision on expert testimony, the court set the following annual payments: $43,848 for 1988; $45,865 plus attorneys' fees of $13,515 for 1989; $48,662 plus attorneys' fees of $5,557.50 for 1990; and, $63,420 for 1991. After determining that the will clearly intended for the trust to be managed by two trustees, the court held that "the appropriate state court with jurisdiction should appoint a co-trustee."[1] Id. at 19. Finally, the court ordered an annual review of Ms. Gant's circumstances by the trustees, in consultation with Ms. Gant, to determine the appropriate amount of the annual payment.
 
 
 10
 Defendants raise a number of jurisdictional and procedural arguments. They contend that the district court lacked jurisdiction to consider Ms. Gant's motion, that the previous decisions of this court and the district court bar as res judicata the issues raised in Ms. Gant's motion, and that our order of March 20, 1989, establishes the "law of the case" which the district court failed to follow. Defendants also argue that the district court erred in ordering appointment of a co-trustee because any such claim for a co-trustee was dismissed in 1988 or decided in 1968. Finally, defendants contend that the court's decision to increase Ms. Gant's annual payment is not based on substantial evidence.
 
 II.
 JURISDICTION
 
 11
 Defendants argue that the district court lacked jurisdiction to hear Ms. Gant's motion. Ms. Gant brought her motion under 28 U.S.C. Sec. 2202, which states: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." Defendants base all of their jurisdictional arguments on their assertion that in ruling on Ms. Gant's motion, the court violated its 1988 order.
 
 
 12
 Defendants contend that section 2202 does not confer jurisdiction on any court but instead "provides an additional remedy where jurisdiction otherwise exists." Brief of Aplt. at 9. Defendants further maintain that the 1992 order "render[s] the prior judgment a nullity," id. at 10, that the 1992 order violates the 1988 rulings, id. at 9, and that the 1992 order contravenes Rule's 59(e) and 60 of the Federal Rules of Civil Procedure, id. at 9-10. Defendants fail to recognize that the court's 1992 order is an additional remedy based on the 1988 declaratory judgment. Their arguments not only ignore the essential nature of section 2202, they would render that provision meaningless.
 
 
 13
 In Horn & Hardart Co. v. National Rail Passenger Corp., 843 F.2d 546 (D.C.Cir.), cert. denied, 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988), the court addressed very similar arguments. The plaintiff, Amtrak, had been successful in an earlier declaratory judgment action concerning the interpretation of a lease agreement. After an unsuccessful appeal by the defendants, Amtrak filed for further relief. The defendants asserted the district court had no jurisdiction to make such an award. The court rejected this argument, stating that "[t]he 'further relief' provisions of both state and federal declaratory judgment statutes clearly anticipate ancillary or subsequent coercion to make an original declaratory judgment effective." Id. at 548. The court held that section 2202 " 'merely carries out the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective.' " Id. (quoting E. Borchard, Declaratory Judgments 441 (2d ed. 1941)).
 
 
 14
 It is clear from the 1988 rulings that the district court here intended to retain jurisdiction to enforce its decree by increasing the annual payments if necessary. Section 2202 is the mechanism by which the court may grant such further relief. While the court established the annual payment at $42,000 for 1987, the court recognized that the amount sufficient to insure Ms. Gant an adequate living is not a set number but rather will change with the current cost of living.
 
 
 15
 Testator intended the provision of his will instructing the trustees to pay plaintiff $1,800.00 per year to be a measure of what testator believed would insure plaintiff an adequate living as of the date testator executed his Last Will and Testament but not to be a limitation on the amount of future annual payments sufficient to insure plaintiff an adequate living.
 
 
 16
 1988 Order at 4. In its 1992 order, the court stated "the annual amounts of money sufficient to insure plaintiff an adequate living ... have increased...." 1992 Order at 1. The 1992 order merely enforces the 1988 order requiring the trust to pay Ms. Gant an amount sufficient to insure her an adequate living. We hold that the district court had jurisdiction to hear Ms. Gant's motion.
 
 III.
 ATTORNEYS' FEES
 
 17
 In its 1988 order, the court ordered the parties to bear their own costs. On a motion for reconsideration, the court concluded that Ms. Gant was not entitled to an award of attorneys' fees under New Mexico law. We affirmed that decision. Defendants now argue that the court's award of attorneys' fees in 1992 as part of Ms. Gant's annual payments is barred by its 1988 decision not to make such an award.
 
 
 18
 In the 1992 Order, the court awarded Ms. Gant the sum of $19,072.50 in attorneys' fees for 1989 and 1990. In doing so, the court found that "[t]he attorneys' fees paid by [Ms. Gant] were extraordinary expenses which, if not at least partially reimbursed to her, would cause [Ms. Gant] to receive less than an amount sufficient to insure [Ms. Gant] an adequate living as intended by the testator." 1992 Order at 2. The court found that "[r]eimbursement of 50% of the attorneys' fees expenses paid by [Ms. Gant] during 1989 and 1990 would be an amount sufficient to insure [her] an adequate living as intended by the testator." Id. at 3.
 
 
 19
 Defendants contend that the district court was barred from making this determination by the doctrines of res judicata and law of the case. We disagree. "[O]rdinary principles of claim preclusion do not apply to Sec. 2202 actions given their clear purpose of supplementing declaratory relief." Horn & Hardart Co., 843 F.2d at 549.
 
 
 20
 The Declaratory Judgment Act provides that further necessary or proper relief based on a declaratory judgment may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by the judgment. This is broad enough to permit the court to grant additional relief long after the declaratory judgment has been entered, provided that the party seeking relief is not barred by laches. The declaratory judgment does not merge a claim in the judgment or bar it. Accordingly, the rule permits the original judgment to be supplemented either by damages or by equitable relief even though coercive relief might have been available at the time of the declaratory action. It authorizes the court to grant relief that was not demanded or relief that was not even proved in the original declaratory judgment action. It permits the court, even in a diversity case, to grant further relief although this could not be done in the state courts. Any additional facts that may be necessary to support the award of further relief can be proved on the hearing provided for by the statute.
 
 
 21
 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, Sec. 2771, at 765-67 (2d ed. 1983) (footnotes omitted) (emphasis added) (hereinafter Wright & Miller).
 
 
 22
 The award challenged here is supported by both the cumulative nature of the additional relief authorized by section 2202 and the court's rationale for granting such relief in 1992. In the 1988 proceeding, Ms. Gant argued that she was entitled to the attorneys' fees she had incurred in that action as a matter of state law, but the court held that state law did not provide for a fee award under the circumstances. In the 1992 proceeding, however, the district court did not grant attorneys' fees as such under state law. Rather, the court viewed the amount of fees incurred in years subsequent to the years at issue in 1988 as extraordinary expenses requiring a raise in Ms. Gant's annual payments to insure that she continued to receive the adequate annual income mandated by the will. The court stated that "[t]he attorneys' fees paid by plaintiff were extraordinary expenses which, if not at least partially reimbursed to her, would cause plaintiff to receive less than an amount sufficient to insure [her] an adequate living as intended by the testator." 1992 Order at 2. The 1992 order thus pertained to different years, was supported by a different rationale, and was encompassed in the broad authority conveyed by section 2202. Accordingly, the court's ruling that attorneys' fees are not available under state law did not preclude the court from subsequently determining that Ms. Gant was entitled to reimbursement for fees to effectuate the terms of the will.[2]
 
 
 23
 Defendants also argue that the award of fees in this diversity action is governed by state law and is not otherwise authorized by section 2202. As quoted above, however, section 2202 "permits the court, even in a diversity case, to grant further relief although this could not be done in the state courts." 10A Wright & Miller Sec. 2771, at 767. Indeed, this court has specifically held that a court has the power in a diversity case to award fees as damages under section 2202 even though they are not recoverable under state law. See Security Ins. Co. v. White, 236 F.2d 215, 220 (10th Cir.1956). "[T]he grant of power contained in [section 2202] is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding." Id.
 
 IV.
 CO-TRUSTEE
 
 24
 Defendants contend that the district court's order requiring the appointment of a co-trustee is barred by its 1988 order. Ms. Gant requested the appointment of a co-trustee in her original complaint. In the 1988 order, the court stated "[a]ll claims of [Ms. Gant] other than her claim for an annual amount sufficient to insure [sic] her an adequate living ... are hereby dismissed with prejudice." February 1988 Order at 2. Although other claims of Ms. Gant were discussed and decided in that order, the court did not mention Ms. Gant's request for a co-trustee. In fact, the district court in 1992 determined that the "issue of co-trustees was not decided by the judgment entered herein on February 10, 1988 and plaintiff's request for a declaratory judgment on this issue is not barred by the doctrine of res judicata." 1992 Order at 4.
 
 
 25
 Defendants argue that, due to the dismissal language in the 1988 order, res judicata bars the 1992 order directing appointment of a second trustee. However, "[i]n declaratory judgment actions familiar principles of res judicata cannot be applied automatically to judgments dismissing suits without stated reasons." Security Mut. Casualty Co. v. Century Casualty Co., 621 F.2d 1062, 1066 (10th Cir.1980). As we pointed out in Part III supra, the broad grant of authority provided by section 2202 permits the court to order relief even though such relief "might have been available at the time of the declaratory action. It authorizes the court to grant relief that was not demanded or relief that was not even proved in the original declaratory judgment action." 10A Wright & Miller Sec. 2771, at 766-67. Accordingly, defendants' res judicata argument is without merit.
 
 
 26
 Defendants also make two arguments based on the 1968 state court order appointing Citizens Bank as the sole trustee. First, defendants argue that because the state court exercised its jurisdiction in 1968, the federal court was without jurisdiction to appoint a co-trustee. Second, defendants assert that Ms. Gant is barred from seeking to set aside the state court order by limitations, laches, estoppel, or waiver. Both arguments are without merit.
 
 
 27
 We begin by observing that federal courts have broad equity jurisdiction and "may entertain actions against administrators, executors, or other claimants in which plaintiffs seek to establish claims against an estate." 13B Wright & Miller Sec. 3610, at 484. Further, "federal courts have employed their equitable jurisdiction [in] actions requesting the construction of wills." Id. at 501-504; see, e.g., Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); National Audubon Soc'y, Inc. v. Marshall, 424 F.2d 717, 719-20 (5th Cir.1970) (per curiam).
 
 
 28
 Defendants cite Swanson v. Bates, 170 F.2d 648 (10th Cir.1948), for the premise that exclusive jurisdiction to appoint a trustee rests with the state courts. In Swanson, the trustee filed the trust report in the state court and a hearing date was set. Before the hearing could be held, the trust beneficiary filed an action in federal court to remove the trustee. We noted that the final accounting of the trust was pending in state court and "so long as [the proceedings] pended, they gave to the state court exclusive jurisdiction over the trust estate, and the court below was without jurisdiction to [remove the trustee]." Id. at 651 (emphasis added). There are no pending state proceedings here and Swanson is therefore not on point.
 
 
 29
 Defendants also contend that as a result of the 1968 state court order, Ms. Gant is barred by limitations, laches, estoppel, and waiver from now seeking appointment of a second trustee. As a general rule, express trusts are not subject to statutes of limitation. See G. Bogert & G. Bogert, The Law of Trusts & Trustees Sec. 951 (rev. 2d ed. 1982).
 
 
 30
 During the life of an express trust, if the trustee is executing the trust in accordance with its terms, there is no cause of action in favor of the beneficiary. He could not maintain an action against the trustee to compel enforcement of the trust, or for damages for breach of it, because the trust is being carried out and there has been no breach. Until there is a cause of action, there is no occasion for the application of the Statute of Limitations.
 
 
 31
 Id. Sec. 951, at 547. The record in this case reveals that during the years after the Bank was appointed as sole trustee, it increased Ms. Gant's annual payment several times before it stopped doing so. Defendants do not allege that Ms. Gant failed to timely file her declaratory judgment action once she determined that the Bank was no longer willing to comply with the terms of the trust. Accordingly, we are not persuaded by defendants' limitation argument. Defendants' attempt to invoke the equitable doctrines of laches, estoppel, and waiver is similarly unavailing. Defendants simply fail to recognize that Ms. Gant did not suffer any damages until the sole trustee failed to perform its fiduciary duties. Ms. Gant should not be penalized for waiting until she was harmed by the lack of a second trustee before filing a claim.
 
 V.
 ANNUAL PAYMENTS
 
 32
 Defendants maintain that the district court's order increasing the amount of the annual payment to Ms. Gant is not supported by substantial evidence. The court's determination of the amount necessary to provide Ms. Gant an adequate income is a fact finding which we may only disturb on appeal if it is clearly erroneous. Fed.R.Civ.P. 52(a). " 'A finding of fact is not clearly erroneous unless it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " Heim v. State of Utah, 8 F.3d 1541 (10th Cir.1993) (quoting Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990)). Ms. Gant's expert witness, Dr. David Hamilton, testified as to the current cost of living and the cost of living in 1938. Dr. Hamilton considered many factors, including the Consumer Price Index (CPI), to determine the 1987 equivalent of $1800 in 1938. Aplee.Supp.App. at 38-41. The CPI is used to adjust social security, federal retirement, and military retirement benefits. Id. at 21, 37. Ms. Gant also testified as to her expenses. Id. at 23-30. This evidence is clearly sufficient to support the district court's determination. Moreover, our review of the record does not leave us with a definite and firm conviction that the district court was mistaken in that determination.
 
 
 33
 Finally, we are compelled to observe that although defendants purport to recognize that they are required to accept and comply with the district court's 1988 construction of the will, their arguments in this action mischaracterize and take issue with that ruling. In light of this disturbing recalcitrance, we believe it appropriate to point out that the Bank as trustee has a fiduciary obligation to Ms. Gant. The court declared the nature of that obligation in 1988 in a decision which has become final. Under that order, the trustees must pay Ms. Gant an annual amount that is sufficient to insure her an adequate income. Because this amount may vary from year to year, the trustees are required to ascertain that amount annually in consultation with Ms. Gant as directed by the district court.
 
 
 34
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Timothy D. Leonard, United States District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 We construe the court's order as requiring defendant Citizens Bank, as trustee, to apply to the state court for the appointment of a second trustee, and defendant Grand Lodge to refrain from opposing such appointment
 
 
 [2]
 Our rejection of defendants' res judicata argument also disposes of their argument based on law of the case. We note in addition that the doctrine of law of the case is not a limit on the power of the court but is solely a rule of practice to be applied with good sense. See Moore v. Texaco, Inc., 948 F.2d 1546, 1553 (10th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992)