**CONTINENTAL CASUALTY COMPANY, Plaintiff,**

v.

**ASSICURAZIONI GENERALI, S.P.A., Defendant.**

Civ. A. No. 6:94–0627.

United States District Court, S.D. West Virginia, Parkersburg Division.

Nov. 13, 1995.

Stephen M. Fowler, Cleek, Pullin, Knopf & Fowler, Charleston, WV, for plaintiff.

Daniel A. Ruley, Jr., Ruley & Everett, Parkersburg, WV, for defendant.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Defendant's motion for an award of attorney fees and costs. Plaintiff filed this declaratory judgment action seeking a determination of which party was legally responsible for providing insurance coverage for a tractor trailer-automobile accident that occurred on June 1, 1993. After the parties filed cross motions for summary judgment, this Court, by Memorandum Opinion and Order entered April 25, 1995, granted declaratory judgment in favor of the Defendant and ordered the Plaintiff to provide primary insurance coverage. Defendant moved for attorney fees and costs on July 26, 1995. This action was brought pursuant to the Court's diversity jurisdiction. 28 U.S.C. § 1332 (1988).[1]

1. 28 U.S.C. § 1332 states, in pertinent part:

    **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
    **(1)** citizens of different States;
    **(2)** citizens of a State and citizens or subjects of a foreign state;
    **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

Plaintiff does not dispute the availability or reasonableness of the costs and fees requested by Defendant.[2] Rather, Plaintiff asserts only Defendant's motion is untimely under Rule 54(d)(2)(B), *Federal Rules of Civil Procedure.* Rule 54(d)(2)(B) provides, in pertinent part, "[u]nless otherwise provided by statute or order of the court, the motion [for attorney fees] must be filed and served no later than 14 days after entry of judgment[.]" *Id.; see K.R. by M.R. v. Anderson Community Sch. Corp.,* 887 F.Supp. 1217, 1229 (S.D.Ind.1995); *Vitug v. Multistate Tax Comm'n,* 883 F.Supp. 215, 218 (N.D.Ill.1995); *Ventana Investments v. 909 Corp.,* 879 F.Supp. 676, 677 (E.D.Tex.1995). Defendant's motion was filed well after the expiration of the fourteen-day period contained in *Rule* 54(d)(2)(B). This apparent untimeliness, however, is not necessarily dispositive of Defendant's entitlement to reimbursement. Rather, the Court must determine whether a statute trumps the otherwise applicable procedural rule.

■ *Rule* 54(d)(2)(B) and its fourteen-day deadline apply only when an alternative time is not "otherwise provided by statute." F.R.Civ.P. 54(d)(2)(B). Defendant asserts 28 U.S.C. § 2202 controls here. Section 2202 is part of the Federal Declaratory Judgment Act and provides as follows: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." *Id.*

District courts typically rely on § 2202 as a vehicle for modifying or granting relief in addition to the initial relief awarded by the

    **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
    *Id.*

2. While the issue of entitlement to fees and costs was not completely developed until Defendant filed its reply memorandum, Defendant fully set forth its requested fees and costs in its initial motion with supporting documentation. The Court has deferred ruling on Defendant's motion for nearly two months to permit Plaintiff adequate time to move for leave to file a surreply, to object, or to request a hearing to challenge De-

court pursuant to 28 U.S.C. § 2201(a).[3] Section 2202 thus accords a district court some measure of flexibility to enter subsequent orders to effectuate the intent of an earlier § 2201(a) judgment. *See, e.g., Burford Eqpt. Co., Inc. v. Centennial Ins. Co.,* 857 F.Supp. 1499, 1502 (M.D.Ala.1994). Further, the provision "has been interpreted as providing for '*supplemental*' relief which may be granted in a proceeding [even] subsequent to the original [declaratory judgment]." *Horn & Hardart Co. v. National R.R. Passenger Corp.,* 659 F.Supp. 1258, 1261 (D.D.C.1987), *aff'd,* 843 F.2d 546 (D.C.Cir.), *cert. denied,* 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988) (emphasis added). At least one court has commented on the "broad authority" conferred on the district court by § 2202. *Gant v. Grand Lodge of Texas,* 12 F.3d 998, 1003 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1834, 128 L.Ed.2d 462 (1994).

■ Specifically, § 2202 has been used to recover attorney fees after a § 2201(a)

action has concluded where the state law governing the action, or some other independent basis, allows for such fees.[4] *Gant,* 12 F.3d at 1003; *Mercantile Nat. Bank v. Bradford Trust Co.,* 850 F.2d 215, 218 (5th Cir. 1988); *Iowa Mut. Ins. Co. v. Davis,* 689 F.Supp. 1028, 1029 (D.Mont.1988); *Omaha Indemnity Ins. Co. v. Cardon Oil Co.,* 687 F.Supp. 502, 503–04 (N.D.Cal.1988), *aff'd,* 902 F.2d 40 (1990); *Horn,* 659 F.Supp. at 1268–69; *Western World Ins. Co., Inc. v. Harford Mut. Ins. Co.,* 602 F.Supp. 36, 37 (D.Md. 1985), *aff'd in part, rev'd in part on other grounds,* 784 F.2d 558 (4th Cir.1986); *National Indemnity Co. v. Harper,* 295 F.Supp. 749, 757 (W.D.Mo.1969); *see* 10 George L. Bounds et al., Federal Procedure *Declaratory Judgments* §§ 23:64, 23:77 (1994).

■ The time in which one may seek further relief under § 2202 is quite flexible. The statute itself imposes no outer limit, requiring only that relief be sought "after reasonable notice."[5] Both courts and com-

---

fendant's position on these issues. Plaintiff has been silent.

3. Section 2201(a) provides, in pertinent part, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...." *Id.*

4. As correctly noted by Defendant in general terms, whether attorney fees are available in an action initiated pursuant to diversity jurisdiction depends upon the availability of attorney fees under state law. *See, e.g., Titan Holdings Syndicate, Inc. v. City of Keene,* 898 F.2d 265, 273 (1st Cir.1990).

West Virginia law is controlling in this diversity action. In West Virginia, an insurance company may recover its costs incurred in the successful prosecution of a declaratory judgment action against another insurer to determine which insurer is responsible for primary insurance coverage. As reaffirmed in *Allstate Ins. Co. v. State Auto. Mut. Ins. Co.,* 178 W.Va. 704, 707, 364 S.E.2d 30, 33 (1987):

[I]n *Aetna Casualty and Surety Co. v. Pitrolo,* [176] W.Va. [190], 342 S.E.2d 156 (1986), we held that an insurer which wrongfully refused to defend its insured was liable for both the costs of the insured's defense and the costs of prosecuting a declaratory judgment action seeking to require the insurer to defend. Syllabus Point [2] states: 'Where a declaratory judgment action is filed to determine whether

an insurer has a duty to defend its insured under its policy, if the insurer is found to have such a duty, its insured is entitled to recover reasonable attorney's fees arising from the declaratory judgment litigation.' *This same principle extends logically to the facts before us: [the prevailing insurer] is entitled to recover both its costs of defending the insured as well as its costs of prosecuting the [declaratory judgment] action.*

*Id.* (emphasis added).

5. The text of § 2202 anticipates the Court will normally convene a hearing on the propriety of the requested further relief. *See Insurance Servs. of Beaufort v. Aetna Cas. & Surety Co.,* 966 F.2d 847 (4th Cir.1992). Given Plaintiff's failure to request a hearing or challenge the substance of the relief requested, however, the Court concludes a hearing is unnecessary and would waste judicial resources.

This conclusion does not contravene the holding in *Aetna.* In *Aetna,* the Court of Appeals remanded a determination under § 2202 because the district court failed to hold a hearing on a damages issue. The court in *Aetna* stated, however, as follows:

An action under the Declaratory Judgment Act is regarded as an 'ordinary civil action' subject to all of the Federal Rules of Civil Procedure. It goes almost without saying that in an ordinary civil action, a court is not entitled to rule on *contested* damages from briefs without a hearing.

*Aetna,* 966 F.2d at 853 (emphasis added) (citation omitted). The court concluded "the district

mentators have generously construed this open-ended provision. *See, e.g., Omaha Indemnity,* 687 F.Supp. at 503 (stating "[t]he court may grant relief under section 2202 'long after the declaratory judgment has been entered, provided that the party seeking relief is not barred by laches'."); *Horn,* 659 F.Supp. at 1263 (stating "a petition for further relief can be brought so long as the petitioner is not barred by laches" and holding a request for further relief "filed less than two months after the decision of the Court of Appeals affirming [the court's prior decision] . . . was undoubtedly timely."); 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2771 (2d ed. 1983) (same). There is a dearth of authority, however, on whether a movant can utilize § 2202 to recover attorney fees after the period set forth in *Rule* 54(d)(2)(B) has elapsed.[6]

■ Several factors militate in favor of construing § 2202 as a statutory override to *Rule* 54(d)(2)(B). First, § 2202 uniformly has been interpreted as permitting further relief long after the original declaratory judgment was granted and such further "relief" has been held to include requests for attorney fees within its scope. Thus, construing § 2202 as an exception to the fourteen-day filing period would be consistent with settled precedent.

Second, the "otherwise provided by statute" phraseology utilized by the drafters of *Rule* 54(d)(2)(B) is quite broad. The Rule

does not require any otherwise providing statute contain an alternative *specific period* of time within which to file the petition for attorney fees.[7]

Third, other courts have refused to hold § 2202 requests subject to particular deadlines set forth in other provisions of the *Federal Rules of Civil Procedure. See, e.g., Omaha Indemnity,* 687 F.Supp. at 503 (holding a request for relief under § 2202 was not barred when made after the ten-day period set forth in *Rule* 59(e), *Federal Rules of Civil Procedure* ). For these reasons and others, the Court concludes § 2202 is a statutory override to *Rule* 54(d)(2)(B).[8] The Court further concludes Defendant (1) has given Plaintiff reasonable notice of the reimbursement request under § 2202; and (2) is not barred by laches from seeking relief under § 2202.

Defendant seeks both the fees and costs of defending the insured in state court and of prosecuting the federal declaratory judgment action. Given Plaintiff has not challenged the reasonableness of the fees and costs requested by Defendant, the issue need not long detain the Court. In determining the reasonable amount of fees Defendant is entitled to, the Court is guided by the twelve-factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 434 n. 9, 103 S.Ct. 1933, 1940 n. 9, 76 L.Ed.2d 40 (1983); *Trimper v. City of Norfolk,* 58 F.3d 68, 73 (4th Cir.1995); *Daly*

court's use of briefs alone to decide the issue of damages, without either a hearing *or sufficient evidence in the record,* was [an] error of law . . . ." *Id.* (emphasis added).

The only issue Plaintiff has contested is the timeliness of Defendant's filing. That issue is a pure question of law that Plaintiff fully developed in its response brief. Neither the amount nor the availability of fees and costs has been contested. Accordingly, since the major issues involved are uncontested and the record is sufficiently developed, *Aetna* is distinguishable and does not mandate a hearing in the instant case.

6. This lack of precedent may be attributable to the relatively recent vintage of the fourteen-day period. *Rule* 54(d)(2)(B) became effective on December 1, 1993. *See, e.g., Johnson v. Lafayette Fire Fighters Ass'n Local 472,* 51 F.3d 726, 728 n. 3 (7th Cir.1995).

7. The Advisory Committee notes to *Rule* 54(d)(2)(B) state "the time for making claims is *specifically stated* in some legislation, such as the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B) (30–day filing period)." Ad-vis.Comm. Notes to 1993 Amendment (emphasis added). It is significant that while the Advisory Committee referred to this specific filing period, it did not see fit to limit the *Rule* 54(d)(2)(B) exception to such explicit statutory deadlines.

8. *Rule* 54(d)(2)(B) also provides an order of the court may extend the fourteen-day period. While not believing it necessary in the instant case, the Court would enter an Order granting Defendant leave to file its motion for attorney fees and costs outside the period specified in *Rule* 54(d)(2)(B) if requested.

*v. Hill,* 790 F.2d 1071, 1077 (4th Cir.1986).[9] These factors are used to initially calculate the reasonable hourly rate and the reasonable number of hours expended by counsel. *Trimper,* 58 F.3d at 73. The resulting product or "lodestar" fee obtained by multiplying these two figures is presumed to be fully compensatory. *Id.* at 73–74.

■ While the Court considers equally all of the *Johnson* factors, factors one, two, three, five, eight and nine have particular application in this case. Regarding the first and fifth factors, the Court has reviewed the time expended and the requested hourly rate, as evidenced by the affidavit and supporting documentation submitted by Defendant's counsel.[10] The rate requested and the hours listed appear neither exorbitant nor unreasonable compared with similar litigation presided over by the Court. On factors two and three, the novelty of the issues and the skill required to pursue the case, Plaintiff concedes the declaratory judgment action "involved a novel issue of law."

Next, the Court looks to perhaps the most important factor—the results obtained by counsel. *See Farrar v. Hobby,* 506 U.S. 103, ——, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992) (stating " 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' "). The Court previously granted Defendant's motion for summary judgment and dismissed Plaintiff's case. Defendant thus prevailed completely. As for the ninth factor, the experience, reputation and ability of the attorney involved, defense counsel is well respected, has practiced in the State of West Virginia for over forty years, and is now associated with one of the State's largest law firms.

Given these considerations, and after carefully reviewing the remaining *Johnson* factors, the Court concludes the requested hourly rates and the time expended by counsel are reasonable. Accordingly, counsel is entitled to $10,508.75 in attorney fees and $747.95 in costs.[11]

9. The twelve factors considered by the Court are (1) the time and labor expended; (2) the novelty and difficulty of the questions presented; (3) the skill required properly to perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for like cases; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. *Trimper,* 58 F.3d at 73; *Daly,* 790 F.2d at 1075 n. 2.

10. In general, counsel's fee petition provides the Court an adequate summary of the services performed and the time expended. In the future, however, the Court would caution counsel on four matters. First, counsel has listed certain telephone calls and correspondence in omnibus entries rather than listing each entry separately with a description. The latter practice should be used in the future. Second, counsel's affidavit states he personally expended the hours itemized in the petition. This statement is accurate for the overwhelming majority of hours expended, but the Court would note the petition attributes 8.25 hours to co-counsel without an affidavit from that individual. Third, counsel's affidavit does not specifically set forth the hourly rate requested, although the rate can be ascertained from counsel's supporting documentation. Counsel bears the burden of establishing the reasonable market rate for his services and should, at the very least, specifically set forth the requested rate in his affidavit. Further, while an attorney's customary billing rate is the proper starting point for calculating fees, counsel should submit supporting affidavits from other attorneys in the community to substantiate the desired rate.

In the usual case, the Court would be well within its discretion to either reduce or strike a portion of the hours expended as a result of these three errors. Given the lack of any objection by Plaintiff to the requested fees, however, and the Court's independent conclusion *infra* that the hours and rate sought are reasonable, the amounts contained in the petition will not be disturbed.

This Court maintains a longstanding practice of closely scrutinizing fee petitions. The assistance of counsel in filing detailed and well-supported petitions makes the task much less cumbersome.

11. While the affidavit requests $10,794.15 in fees, the amount contains an addition error. The correct amount is $10,508.75.